1

2

3

4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6

**\*\*\***

7

ERIC KOHLI,

Plaintiff,

8

2:20-cv-00538-GMN-VCF

9

vs.

**ORDER**

10

AJAY G. DAYAL, *et al.*,

MOTION FOR ORDER TO SHOW CAUSE
[ECF No. 42]

11

Defendants.

12

Before the court is plaintiff Eric Kohli's motion for order to show cause. (ECF No. 42). The

13

Court grants the motion in part.

14

**I.      Background**

15

Plaintiff Kohli brings claims against the defendants related to unpaid work that he alleges he

16

performed as an employee over a period of several months: the claims are for non-payment of wages,

17

breach of duty as an employer, claims pursuant to FLSA, 29 U.S.C. §201 et seq, and the Nevada Wage

18

and Hours Laws ("NWHL") NRS Ch. 608, unjust enrichment, breach of contract, retaliation and

19

wrongful termination, bad faith, fraud, extortion and involuntary servitude, and intentional infliction of

20

emotional distress. (See ECF No. 17).

21

The Court held a hearing on multiple motions in December 2020. (ECF No. 39).  The Court

22

found that defendants have not complied with this Court's previous discovery order (ECF No. 27).

23

Defendants also did not respond to plaintiff's second motion to compel and to show cause (ECF Nos. 28

24

and 29). The Court ordered defendants to (1) serve complete responses to all discovery and (2) pay $500

25

in sanctions to the crime victim's fund by January 8, 20201 and ordered defendants to pay $500 in sanctions to the crime victim's fund. (ECF No. 39).

Plaintiff argues in his motion for an order to show cause that defendants should be held in contempt because defendants have not complied with this Court's order regarding the discovery responses. (ECF No. 42 at 1). The plaintiff asks the Court to enter default judgment against the defendants as sanctions. (*Id*. at 6). Defendants have not filed a response and the time to do so has passed. The Court has checked with the clerk's office, and to date, defendants have also not paid the $500 in sanctions per the Court's order. (ECF No. 39).

**II.    Discussion**

"The district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The federal rules of civil procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." FRCP 1. Under its inherent power, a court may assess attorney's fees or other sanctions for the willful disobedience of a court order. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). A court's inherent powers "are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 43.  Under LR 7-2(d), the failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion.

Pursuant to Local Rule IA 11-8, "[t]he Court may, after notice and opportunity to be heard, impose any and all appropriate sanctions on an attorney or party who, without just cause…(c) Fails to comply with these Rules; or (d) Fails to comply with any order of this Court."

Since the defendants have not responded to plaintiff's motion, they have consented to granting the motion. The Court finds that defendants have not complied with this Court's order. (ECF No. 39).

The Court grants plaintiff's motion in part and orders defendants to show cause as to why this Court should not recommend default judgment as a sanction in this case.

Accordingly,

IT IS ORDERED that plaintiff Eric Kohli's motion for order to show cause (ECF No. 42) is GRANTED IN PART.

IT IS FURTHER ORDERED that a video show cause hearing is scheduled for 10:00 AM, February 22, 2021.

IT IS FURTHER ORDERED that defendants Ajay G Dayal, and representatives of Quantified Investment Group LLC, Quantified Capital Group, LLC, Pacific Bay Lending Group, Miss Elegant Expo, must also appear at the video hearing.

IT IS FURTHER ORDERED that on or before February 16, 2021, defendants must file with the court a response showing cause as to why they should not be sanctioned for failing to comply with the Court's Order (ECF No. 39).  Should defendants fail to file a response as ordered, fail to pay the previously ordered $500 sanction, and/or fail to appear at the February 22, 2021 hearing, the Court may impose sanctions against defendants, which may include a report and recommendation that default judgment be entered against the defendants.

IT IS FURTHER ORDERED that counsel/the parties must email Courtroom Administrator Tawnee Renfro at Tawnee_Renfro@nvd.uscourts.gov, with an email address(es) to be used for the video conference hearing by noon, February 19, 2021.

IT IS FURTHER ORDERED that the following Video Conference Instructions be adhered to as follows:

INSTRUCTIONS FOR THE VIDEO CONFERENCE:

Instructions to the scheduled hearings will be sent via email thirty (30) minutes prior to the hearing to the participants email provided to the Court.

- Log on to the call ten (10) minutes prior to the hearing time.

- Mute your sound prior to entering the hearing.

- Do not talk over one another.

- State your name prior to speaking for the record.

- Do not have others in the video screen or moving in the background.

- No recording of the hearing.

- No forwarding of any video conference invitations.

- Unauthorized users on the video conference will be removed.

IT IS SO ORDERED

DATED this 2nd day of February 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE