UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERIC KOHLI,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>AJAY G. DAYAL, et al.,<br><br>　　　　Defendant(s). | Case No. 2:20-cv-0538-CDS-NJK<br><br>**Order**<br><br>[Docket No. 78] |

Parties should not invoke case-dispositive sanctions lightly. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). The more significant the relief being sought from the Court, the more robust the movant's showing should be. *See Taddeo v. Am. Invsco Corp.*, 2015 WL 751072, at *1 (D. Nev. Feb. 20, 2015). Hence, parties seeking case-dispositive sanctions must "be mindful to submit well-developed and well-supported argument when they are seeking such significant relief from the Court." *Cobb v. United States*, 2022 WL 1308114, at *1 n.1 (D. Nev. May 2, 2022).

In this case, Plaintiff filed a motion for sanctions seeking, *inter alia*, entry of default judgment. Docket No. 78 at 12.[1] The motion does not provide a fulsome discussion of the applicable standards, does not provide an organized and well-developed assertion of the pertinent facts,[2] and does not provide meaningful analysis as to how the law applied to the facts warrant the

---

[1] The undersigned has only recently been assigned to this matter. *See* Docket No. 90.

[2] The motion in not supported by a declaration, but rather is premised on statements made in the memorandum. Statements in a brief do not constitute evidence. *O'Bannon v. Nat. Collegiate Athletic Ass'n*, 802 F.3d 1049, 1067 n.11 (9th Cir. 2015). The Court declines to credit factual assertions made in seeking case-dispositive sanctions that are not supported by a declaration. *See* 28 U.S.C. § 1746.

1

relief sought. *See id.*; *see also* Docket No. 81 (reply).³ Adding to the difficulty in resolving this sanctions dispute on its merits, Defendants' opposition brief borders on the non-responsive. Docket No. 80. In light of the circumstances, the Court declines to resolve the motion based on the presentation of the issues provided.

Accordingly, the motion for sanctions is **DENIED** without prejudice. To the extent Plaintiff wishes to renew his request, he must provide a robust discussion of the facts, the law, and the application of the law to the facts. Any renewed motion must be filed by August 19, 2022. Defendants are also cautioned that they must provide a fulsome response to any such renewed motion.

IT IS SO ORDERED.

Dated: July 22, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

³ The Court is mindful that Plaintiff is representing himself and that courts generally construe the filings of *pro se* litigants liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court also recognizes that Plaintiff is a licensed attorney working at a major law firm. *See White v. Martel*, 601 F.3d 882, 885 (9th Cir. 2010) (courts may take judicial notice of state bar records). Courts do not generally extend "the special leniency reserved for those unskilled in the law to cover attorneys representing themselves because an attorney representing himself clearly benefits from the representation of counsel." *Crockett v. Cal.*, 2012 WL 2153801, at *3 (C.D. Cal. May 22, 2012) (cleaned up); *see also Andrews v. Columbia Gas Transmission Corp.*, 544 F.3d 618, 633 (6th Cir. 2008); *Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007); *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 82 n.4 (2d Cir. 2001); *Godlove v. Bamberger, Foreman, Oswald, and Hahn*, 903 F.2d 1145, 1148 (7th Cir. 1990); *Olivares v. Martin*, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977).