UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Eric Kohli,

          Plaintiff,

v.

Ajay G. Dayal, *et al.*,

          Defendants.

Case No. 2:20-cv-00538-CDS-NJK

**Order Denying Defendants' Motion for Summary Judgment**

(ECF No. 70)

    This action is brought by Plaintiff Eric Kohli, a lawyer representing himself *pro se*, for the payment of money allegedly owed due to performance of an employment contract. Kohli sued Defendants Ajay G. Dayal, Quantified Investment Group, Quantified Capital Group, Pacific Bay Lending Group, and Miss Elegant Expo for Defendants' refusal to pay Plaintiff's salary and wages after Plaintiff performed two months' work for Defendants and was not paid. *See generally* First Amended Complaint, ECF No. 17. Pending before the Court is Defendants' motion for summary judgment.[1] ECF No. 70. The Court held oral argument on the motion for summary judgment and other pending motions on August 8, 2022. ECF No. 93. Following the hearing, the Court took the motion for summary judgment under advisement. After considering the moving papers, the relevant law, and the arguments of counsel, the Court denies Defendants' motion for summary judgment.

---

[1] The motion is titled a "countermotion" in CM / ECF. However, Plaintiff had not, and as of this filing still has not, filed his own motion for summary judgment. I thus refer to the "countermotion" as a motion throughout this Order.

I. **Procedural History**

Kohli filed suit against Defendants on March 17, 2020. ECF No. 1. He filed the operative first amended complaint on May 4, 2020, wherein he sets forth the following ten causes of action: (1) non-payment of wages; (2) breach of duty of an employer; (3) violations of the Fair Labor Standards Act (FLSA) and Nevada hours law; (4) unjust enrichment; (5) breach of contract; (6) retaliation and wrongful termination; (7) bad faith; (8) fraud; (9) extortion and involuntary servitude; (10) intentional infliction of emotional distress. ECF No. 17.

Defendants filed a motion to dismiss the breach of contract claim on January 8, 2021. ECF No. 40. United States District Judge Gloria M. Navarro denied the motion to dismiss on September 20, 2021. ECF No. 60. In denying the motion, Judge Navarro found that Plaintiff alleged sufficient facts to show the potential applicability of equitable estoppel. *Id.* at 4-6.

Thereafter the parties have engaged in litigation that, based on the filings before this Court, raises my concern about a general lack of professionalism. *See, e.g.*, Defendants' Motion for Protective Order, ECF No. 32 (describing an email war regarding cancelled deposition dates); Plaintiff's Response, ECF No. 33; Plaintiff's Countermotion for Attorney Discipline and Sanctions, ECF No. 35; Defendants' Response, ECF No. 36; Plaintiff's Reply, ECF No. 37; Plaintiff's Response, ECF No. 74 at 12 (stating Plaintiff held higher qualifications in finance than Defendant Dayal "has ever possessed."). After a hearing on the deposition issue, Magistrate Judge Ferenbach granted in part Defendants' Motion for a Protective Order, but also issued $500 in sanctions against Defendants. ECF No. 39. The parties later clashed again over Defendants' responses to Plaintiff's interrogatories. *See generally* ECF Nos. 78; 79; 80; 81. Magistrate Judge Ferenbach sanctioned Defendants' tactics relating to discovery for a second time. ECF No. 85.

. . .

On October 7, 2021, Plaintiff filed a Motion for Entry of Clerk's Default. ECF No. 61. Defendants filed a response to that motion, which included the pending Motion for Summary Judgment. ECF No. 70. Plaintiff filed an opposition to Defendants' motion for judgment, ECF No. 74, which included a request for sanctions against Defendants. *Id.* at 13-14. Plaintiff also filed a motion for leave to file a surreply to the summary judgment motion. ECF No. 76.

On August 8, 2022, the Court[2] held a hearing to address the motion for entry of clerk's default, the motion for summary judgment, and the motion for leave to file a surreply. During that hearing, the Court denied Plaintiff's motion for entry of default and motion to file a surreply, issuing its findings of facts and conclusions of law regarding those motions on the record. ECF No. 93. At the conclusion of the hearing, Defendants' summary judgment motion was taken under advisement.

II.     **Summary of the Pleadings**

Defendants assert that they are "entitled to an award of summary judgment on **all** claims," ECF No. 70 at 11 (emphasis added), because Kohli practiced law without a license in the state of Nevada, which they allege renders "the contract [of employment between Kohli and Defendants] void." ECF No. 70 at 9. Defendants claim that it is an undisputed fact that Kohli was unlicensed in Nevada yet practicing law here. *Id.* at 7-10. They add that it is undisputed that there was no valid legal contract between the parties. *Id.*

Plaintiff's opposition argues that, except for one exhibit, Defendants motion recycles the same arguments set forth in their previous motion to dismiss, which was denied. *See generally* ECF No. 74. That one exhibit is Plaintiff's unemployment claim, wherein Kohli claims he did "legal" work for the Defendants. *Id.* at 7-8 (citing Defendants' Exhibit A). Plaintiff further argues

---

[2] Up until this point, Judge Navarro presided over this action. The case was administratively reassigned to me on April 13, 2022. ECF No. 87.

that Defendants' motion for summary judgment is devoid in addressing his claims of unjust enrichment and equitable estoppel, *id.* at 8, and further argues that Defendants' motion contains false allegations or statements to bolster their motion. *Id.* at 8-12. Last, Plaintiff argues that the evidence demonstrates that his employment with Defendants was in the "finance arena." *Id.* at 12. Plaintiff's opposition also includes a request to impose Rule 11 sanctions on Defendants, asserting that sanctions are warranted because the motion was filed in bad faith and contains material misrepresentations. *Id.* at 14-15.

Defendants' reply brief reiterates their position that Plaintiff's work as an unlicensed Nevada attorney was unlawful, thereby rending the amended complaint void, and further that Plaintiff is attempting to shift the blame for his unlawful work as an attorney onto Defendants. *See generally* ECF No. 75.

### III. Legal Standards

#### A. Summary Judgment

Rule 56(c) provides that summary judgment be granted where there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The Federal Rules of Civil Procedure require a party moving for summary judgment to "identify[] each claim or defense – or the part of each claim or defense – on which summary judgment is sought" and must also show that no genuine disputes of material fact exist. Fed. R. Civ. P. 56(a). To show that a fact cannot be genuinely disputed, the movant "must support the assertion" by "citing to particular parts in the record" or by "showing that the materials cited do

not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Id.* at 56(c)(1). Furthermore, this District's local rules require a "statement setting forth each fact material to the disposition of the motion" with proper citation to the evidence on the record. LR 56-1.

The movant bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party has met its burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. *Id.* If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id.*

    B. *Rule 11 Sanctions*

An attorney is subject to Rule 11 sanctions for, *inter alia*, presenting to the court "claims, defenses, and other legal contentions ... [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]" Fed. R. Civ. P. 11(b)(2). The Ninth Circuit has established that the word 'frivolous' is used "to denote a filing that is both baseless and made without a reasonable and competent inquiry." *Moore v. Keegan Mgmt. Co (In re Keegan Mgmt. Co., Sec. Litig.)*, 78 F.3d 431, 434 (9th Cir. 1996).

IV.    Analysis

    A. *Undisputed Material Facts*

The Court agrees that there is no dispute that Plaintiff was not licensed to practice law in the state of Nevada at the time he was employed by the Defendants. *See* Def. Ex. B, ECF No. 70 at 16-17 (showing Plaintiff has been a member of the Nevada Bar since 2021). That appears to be

the only undisputed fact before the Court, and Defendants attempt to use that fact as both a shield and a sword.

### B. Summary Judgment is Inappropriate in this Case

Defendants fail to demonstrate that the genuinely undisputed material facts preclude Plaintiff from succeeding on his causes of action.

#### i. Findings of Fact as to the Genuinely Disputed Material Facts Will Affect the Disposition of Plaintiff's Claims

First, the Court notes that the moving papers demonstrate there are several outstanding genuine disputes of material fact between the parties such that summary judgment is inappropriate. Those disputes include, but are not limited to: (1) whether there was an employment contract between Plaintiff and Defendants; (2) if a contract existed, the terms of that contract; (3) if Plaintiff was hired as an attorney to perform attorney-type work, or if he was hired for some other position; (4) what, if any, work Plaintiff performed for Defendants and the nature of that work; (5) what, if any, duty Defendants owed to Plaintiff; (6) if Defendants were unjustly enriched by work performed by Plaintiff, and; (7) if Defendants purposely and/or knowingly impeded Plaintiff's attempt to submit paperwork to the State Bar of Nevada to obtain "In-House Counsel" status.

#### ii. Defendants Fail to Demonstrate that those Facts are Undisputed, and/or Fail to Demonstrate that the Undisputed Facts Suffice to Succeed at Summary Judgment

Second, Defendants misunderstand the purpose underlying (defensive) summary judgment: to provide judgment when the undisputed material facts of a dispute preclude Plaintiff from recovering under his theories of liability. *See* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). Defendants raise the assertions

described *infra* either in a contradictory fashion that serves to undermine whether a fact is genuinely disputed, or in a circular fashion without reference to how those assertions affect the elements of Plaintiff's causes of action.

For example, Defendants' motion describes Kohli's status as an unlicensed attorney, declares facts relevant to that status undisputed, and asserts – without support to legal authority – that such facts "render[] any contract invalid and require[] the dismissal of the instant litigation." ECF No. 70 at 10.

Defendants fail to demonstrate, nor provide points and authorities supporting, how Plaintiff's lack of a Nevada law license warrants summary judgment on **all** claims in this action. Local Rule 7-2(d) states that "[t]he failure of a moving party to file points and authorities in support of [a] motion constitutes a consent to the denial of the motion." LR 7-2(d). At best, Defendants have advanced an argument that Plaintiff cannot recover fees for attorney work performed while employed by Defendants. But that argument alone rests on the assumption that Plaintiff was indeed performing legal work; Defendants have not demonstrated a genuine lack of material dispute as to the type of work Plaintiff performed. Kohli disputes the nature of the work he performed for the Defendants. *See* ECF No. 74 at 12. Defendants' assertions fail to meet the burden required of Defendants at the summary judgment stage: Defendants must explain how their allegedly undisputed facts affect the elements of law comprising Kohli's causes of action. For example, even if this Court takes as true that Plaintiff lacked a license to practice law in the state of Nevada, that fact has no bearing on whether Kohli performed legal work for Defendants. A lack of genuine dispute as to the type of work Kohli performed, combined with a lack of genuine dispute that Kohli lacked a valid license to practice law in Nevada, *could* foreclose Kohli's ability to potentially recover under his claim for relief for non-payment of wages (his first cause of action), but Defendants have not shown that the type of work Kohli performed is

genuinely undisputed. Furthermore, they provide no authority to this Court as to how that information would prevent recovery for the claims of unjust enrichment, retaliation and wrongful termination, extortion and involuntary servitude, or intentional infliction of emotional distress. In fact, Defendants' motion fails at all to address the arguments of equitable estoppel and unjust enrichment. *See generally* ECF No. 70.

As another example of Defendants' assertions of material fact contradicting their argument that summary judgment should be granted in this case, Defendants contend that no employment contract existed between the parties, ECF No. 70 at 8, note that Plaintiff's complaint "alleges such agreement," and conclude that the contract is void because Plaintiff performed "unauthorized practice of law." ECF No. 70 at 9. For his part, Kohli disputes that his work qualified as "practice of law." *See generally* ECF No. 74. Defendants cannot assert that the lack of a contract is genuinely undisputed, then point to a genuine dispute over the existence of the contract, before concluding that the contract is void based on some other genuinely disputed fact.

Additionally, whether an employment contract existed between the parties impacts Kohli's unjust enrichment claim. "An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *LeasePartners Corp. v. Brooks Trust*, 942 P.2d 182, 187 (1997). The genuine dispute as to whether a contract even existed between the parties remains decisive as to Plaintiff's unjust enrichment claims.

Defendants attempt to argue that "the illegal agreement created by Plaintiff conducting the unauthorized practice of law must render any alleged agreement void and/or void *ab initio*." ECF No. 70 at 9. Setting aside this Court's reservations about whether Plaintiff indeed was conducting the "practice of law," Defendants fail to point to the existence of such an agreement,

how the agreement renders any particular element of Plaintiff's causes of action untenable, how such conduct supports any affirmative defense(s), or even the specific causes of action addressed by their prospective affirmative defense(s).

       The contradictions between Defendants' assertions of fact evince the genuine disputes underlying this litigation and Defendants have failed to marshal the sole undisputed material fact toward any of Plaintiff's causes of action; thus, Defendants are not entitled to summary judgment on any of Kohli's claims.

       Defendants have failed to meet their burden of identifying the portions of the pleadings, discovery, and affidavits demonstrating the absence of a genuine issue of material fact on *all* claims. *See Celotex Corp.* 477 U.S. at 323. Instead, Defendants have raised a possible defense to the first claim for relief, while failing to address potential equitable remedies regarding that claim, and wholly failing to demonstrate how Plaintiff's potential work as an unlicensed attorney bars recovery from all the other remaining claims. Consequently, Defendants' motion for summary judgment is denied.

       Finally, the Court also denies Plaintiff's request for Rule 11 sanctions against Defendants at this time. While Defendants failed to provide points and authorities in support of their motion regarding most of the claims in Plaintiff's complaints, they did advance a colorable and non-frivolous argument regarding payment of fees for work performed as an unlicensed Nevada attorney.

. . .
. . .
. . .
. . .
. . .

V.	Conclusion

For the reasons detailed above, summary judgment is inappropriate at this time.

IT IS HEREBY ORDERED that Defendants' **motion for summary judgment (ECF No. 70) is DENIED.**

IT IS FURTHER ORDERED that Plaintiff's **request for Rule 11 sanctions is DENIED.**

IT IS SO ORDERED.

DATED this August 22, 2022

_____
Cristina D. Silva
United States District Judge