# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ERIC KOHLI,

    Plaintiff(s),

v.

AJAY G. DAYAL, et al.,

    Defendant(s).

Case No. 2:20-cv-0538-CDS-NJK

**Order**

[Docket No. 94]

Pending before the Court is Plaintiff's renewed motion for case-dispositive sanctions. Docket No. 94. Defendants filed a response in opposition. Docket No. 99. Plaintiff filed a reply. Docket No. 101. The Court previously denied Plaintiff's motion for case-dispositive sanctions because it failed to provide sufficient discussion and analysis. Docket No. 91. Unfortunately, the renewed motion continues to lack the clarity, structure, legal analysis, and factual support to appropriately analyze the relief requested.[1] Accordingly, the renewed motion for case-dispositive sanctions is **DENIED** without prejudice.

The first step in requesting discovery sanctions is for the movant to establish a violation that triggers a particular provision of Rule 37. Different types of discovery violations trigger different provisions, *see, e.g.*, Fed. R. Civ. P. 37(b)(2)(A) (violation of a discovery order); Fed. R. Civ. P. 37(d)(1)(A)(i) (failure to attend deposition); Fed. R. Civ. P. 37(d)(1)(A)(ii) (failure to respond to written discovery); Fed. R. Civ. P. 37(c)(1) (failure to disclose or supplement), so the

---

[1] The Court again notes that Plaintiff has not hired an attorney in this matter, but that his filings are not entitled to any special leniency because he himself is an attorney. *Crockett v. Cal.*, 2012 WL 2153801, at *3 (C.D. Cal. May 22, 2012); *see also Andrews v. Columbia Gas Transmission Corp.*, 544 F.3d 618, 633 (6th Cir. 2008); *Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007); *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 82 n.4 (2d Cir. 2001); *Godlove v. Bamberger, Foreman, Oswald, and Hahn*, 903 F.2d 1145, 1148 (7th Cir. 1990); *Olivares v. Martin*, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977).

motion must specify the particular provision of Rule 37 at issue, *but see* Docket No. 94 at 2 (seeking sanctions under "Rule 37" generally).[2]  Particularly when case-dispositive sanctions are being sought, the movant must also provide a sufficient factual basis <u>supported by well-developed argument</u>[3] and by a <u>fulsome evidentiary record</u>[4] so the Court can assess whether the discovery violation alleged did in fact take place.  Moreover, in cases with lengthy histories, it is important to identify with particularity the newly alleged discovery conduct that is the basis of the current request for sanctions.  While the Court may consider previous discovery misconduct in evaluating which sanction to impose, *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 947 (9th Cir. 1993), such information becomes pertinent <u>only after the Court finds a new violation that has not already been addressed</u>.[5]  Otherwise the Court is simply being asked to add more sanctions onto conduct that has already been addressed.

Once a legal and factual basis has been presented to establish a previously-unaddressed discovery violation of a pertinent rule, the Court will then turn to what (if any) sanction should be

---

[2] It is important to be precise because, *inter alia*, different issues are governed by different standards and have different potential repercussions.  For example, the motion discusses an alleged failure to respond to requests for admission, Docket No. 94 at 5, but the penalty for failing to respond to requests for admission is that they are deemed admitted, Fed. R. Civ. P. 36(a)(3).  No legal authority has been provided that a failure to respond to requests for admission may result in the imposition of case-dispositive sanctions.

[3] The instant motion relies on cut-and-pasted "examples," Docket No. 94 at 5; Docket No. 94-3, but it does not provide meaningfully developed argument as to how each discovery response at issue fails to comply with the law.  The motion also references "other shortcoming that are significant," Docket No. 94-3 at 6, without elaboration.  Similarly, the motion provides unelaborated and vague assertions that discovery remains "substantially incomplete," Docket No. 94-1 at ¶ 28, which is unhelpful to the Court.

[4] The motion relies on characterizations of deposition testimony, but it does not provide the deposition transcript.  *See, e.g.*, Docket No. 94 at 10 (asserting unpersuasively that deposition transcript from July 12, 2021, is "not yet available").  The motion also relies on representations regarding a variety of communications with defense counsel, such as the assertion that defense counsel "essentially" admitted that his clients were refusing to participate in discovery, *see, e.g.*, Docket No. 94 at 6, but those communications are not attached as exhibits.

[5] The motion throws the kitchen sink of discovery issues at the Court, including issues that have already been addressed by the magistrate judge previously assigned to the case.  For example, Plaintiff relies on discovery shortcomings that already resulted in a monetary sanction.  *See* Docket No. 94 at 4 (discussing monetary sanction already imposed).  As another example, Plaintiff relies on a prior an order to show cause, *see* Docket No. 94 at 5 (discussing Docket No. 44), but that order to show cause was later discharged, Docket No. 56.

imposed. *See, e.g.*, *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169-70 (9th Cir. 2012) (after noting the lack of any dispute that discovery order was violated, providing standards that govern the selection of an appropriate sanction). The Court may consider earlier discovery misconduct in the case in determining an appropriate sanction for the current violation. *Henry*, 983 F.2d at 947.

Given the deficiencies in the motion for case-dispositive sanctions, it is hereby **DENIED** without prejudice. Plaintiff will be permitted one <u>final</u> opportunity to seek this relief. Any renewed motion must be filed by <u>February 14, 2023</u>. This motion must be structured as follows: (1) identifying the specific provision(s) in Rule 37 under which relief is being sought, along with the standards for establishing a violation under the specific provision(s) identified;[6] (2) identifying the specific discovery conduct that has not previously been addressed by the Court that triggers the specific provision in Rule 37 identified, along with meaningful discussion of the alleged misconduct and exhibits of the discovery, discovery responses, and deposition transcripts at issue; (3) identifying the standards for determining whether case-dispositive sanctions should be imposed based on the conduct alleged; and (4) identifying and explaining the factual basis for each pertinent consideration, including attachment of any discovery, discovery responses, or deposition transcripts not already addressed above.

IT IS SO ORDERED.

Dated: December 14, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

[6] To the extent any renewed motion is premised on alleged violations of oral rulings from the bench made by another judge, Plaintiff must obtain transcripts of the pertinent hearings so the Court can fully understand what was in fact ordered. Similarly, to the extent any renewed motion is premised on alleged misstatements made during a hearing, Plaintiff must obtain transcripts of that hearing.