UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Eric Kohli, | Case No. 2:20-cv-00538-CDS-NJK |
| Plaintiff | |
| v. | Order Adopting Magistrate Judge's Report & Recommendation and Entering Default Against Defendants Pacific Bay Lending Group and Miss Elegant Expo |
| Ajay Dayal, et al., | |
| Defendants | [ECF No. 134] |

On July 28, 2023, Magistrate Judge Nancy J. Koppe issued a report and recommendation (R&R) recommending that default be entered against defendants Pacific Bay Lending Group and Miss Elegant Expo because they failed to comply with orders to retain counsel. R&R, ECF No. 134. Judge Koppe also advised the defendants that they had 14 days to file any objections to the R&R. *Id.* at 3. Under this district's local rules, the deadline for the defendants to object to the R&R was August 11, 2023. S*ee* LR IB 3-2(a) (stating that parties wishing to object to the R&R must file objections within fourteen days). Neither Pacific Bay Lending Group nor Miss Elegant Expo filed an objection. For the reasons set out below, I adopt the R&R in full.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). When a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Yet the Ninth Circuit has recognized that "no review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (disregarding the standard of review employed by the district

court when reviewing a report and recommendation to which no objections were made). I nevertheless conduct a *de novo* review in determining whether to adopt the R&R.

Counsel for Pacific Bay Lending Group and Miss Elegant Expo moved to withdraw on September 2, 2022, declaring that the defendants' inability to pay for services was creating an unreasonable financial burden on counsel. Mot. to Withdraw, ECF No. 96. After hearing representations of counsel, Judge Koppe granted the motion and ordered that "[d]efendants Pacific Bay Lending Group, and Miss Elegant Expo [had] until Friday, February 17, 2023, to retain new counsel, who must file a Notice of Appearance in accordance with the Local Rules of Practice." Order, ECF No. 107.[1] On February 16, 2023, the court received a letter indicating that counsel could not be retained. *See* ECF No. 116. Judge Koppe ordered the defendants to show cause why default judgment should not be entered against them for failure to comply with the court's order to retain counsel. Order, ECF No. 118. As of the date of this order, more than six months after Judge Koppe's show-cause order was issued, the court has not received any notice of appearance by an attorney on behalf of either Pacific Bay Lending Group's or Miss Elegant Expo. Also, as previously stated, neither defendant has objected to Judge Koppe's recommendation that I enter default against it.

It is a longstanding rule that "[c]orporations and other unincorporated associations must appear in court through an attorney." *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam). Furthermore, default judgment is appropriate when a defaulting corporation fails to comply with a district court's order to retain licensed counsel. *United States v. High Country Broadcasting Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993). Pacific Bay's and Miss Elegant Expo's disregard of Judge Koppe's orders has delayed litigation and disrupted the court's timely management of its docket. And sanctions less drastic than default are unavailable because these defendants have

---

[1] Judge Koppe noted that Pacific Bay and Miss Elegant Expo—through any representative—both failed to appear at the January 17 motion hearing. ECF No. 107. Consequently, she admonished the defendants and warned that failure to comply with court orders may result in the imposition of sanctions. ECF No. 108.

willfully refused to comply with court orders and failed to obtain counsel, preventing their continued participation in this case. I therefore concur with the magistrate judge's recommendation that Pacific Bay Lending Group's and Miss Elegant Expo's repeated failure to meet their obligation to retain counsel in this action warrants entry of default under Federal Rule of Civil Procedure 55(a).

## Conclusion

IT IS THEREFORE ORDERED that Magistrate Judge Koppe's Report and Recommendation **[ECF No. 134] is ADOPTED** in its entirety.

IT IS FURTHER ORDERED that the Clerk of Court must enter default against defendants Pacific Bay Lending Group and Miss Elegant Expo. By September 18, 2023, plaintiff is directed to file a motion for default judgment against these defendants that satisfies the requirements of Rule 55 of the Federal Rules of Civil Procedure and addresses the factors established in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

DATED: August 18, 2023

_____
Cristina D. Silva
United States District Judge