UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Eric Kohli, | Case No. 2:20-cv-00538-CDS-NJK |
| Plaintiff | **Order Denying as Moot Defendants' Motion to Dismiss, Denying Defendants' Amended Motion to Dismiss for Lack of Subject-Matter Jurisdiction, Granting Dayal's Joinder, and Denying Kohli's CounterMotion for Sanctions** |
| v. | |
| Ajay G. Dayal, et al., | |
| Defendants | |
| | [ECF Nos. 149, 150, 151, 154] |

This action is brought by plaintiff Eric Kohli, a lawyer representing himself pro se, for the payment of money allegedly owed due to performance of an employment contract. Kohli sued defendants Ajay G. Dayal, Quantified Investment Group LLC, Quantified Capital Group, Pacific Bay Lending Group, and Miss Elegant Expo for defendants' refusal to pay Kohli's salary and wages after he performed two months' work for defendants and was not paid. *See generally* First Amended Complaint (FAC), ECF No. 17. Pending before the court are defendants Quantified Investment Group's and Quantified Capital Group's motion to dismiss for lack of subject-matter jurisdiction. ECF No. 151.[1] Dayal filed a joinder. ECF No. 150.[2] Given that Dayal is currently without counsel, I grant the joinder.[3] The court ordered briefing on the issue of jurisdiction after defendants alleged, for the first time in the proposed joint pre-trial order (ECF No. 140), that

---

[1] Defendants originally filed the motion to dismiss at ECF No. 149, but later filed an amended version. Counsel is reminded that a "notice of corrected image" should have been filed, correcting the document, instead of filing an amended motion. Accordingly, defendants' original motion, ECF No. 149, is denied as moot as it was replaced by ECF No. 151. Further, the amended motion violates Local Rule IC 2-2(3) that requires that exhibits and attachments "be attached as separate files" not as part of the base document. LR IC 2-2(3)(A). While the original motion complied with the rule, the amended version did not. Because the court must resolve the jurisdictional challenges, the court does not strike the pleading. Counsel is cautioned, however, that future violations may result in the court striking pleadings that do not comply with the rules.

[2] Dayal filed joinder to defendants' original motion docketed at ECF No. 149. I sua sponte apply and grant his request for joinder to the amended motion docketed at ECF No. 151.

[3] However, Dayal is cautioned however that joinders are not a matter of right, but rather, a motion should be file seeking joinder to another pleading.

jurisdiction was lacking. Also pending before the court is Kohli's countermotion for sanctions, filed in conjunction with his opposition to the motions to dismiss. ECF No. 154. For the reasons set forth herein, I deny defendants' motions to dismiss and deny Kohli's countermotion for sanctions.

I. Discussion

    A. Subject-matter jurisdiction

In evaluating a motion to dismiss for lack of subject-matter jurisdiction, the court must accept as true the allegations of the complaint where only the sufficiency of the allegations supporting jurisdiction are challenged. *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1558 (9th Cir. 1987) (internal quotations and citations omitted). If a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing 16 Moore § 106.66[1], pp. 106–88 to 106–89). That is because "'[f]ederal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *See* U.S. Const. art. III, § 2, cl. 1; *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). One type of federal jurisdiction is based on diversity, which exists in "all civil actions where the matter in controversy exceeds … $75,000 … and is between … [c]itizens of different States." 28 U.S.C. § 1332(a)(1). Alternatively, this court has jurisdiction over cases invoking a federal question, that is "actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Further, district courts have jurisdiction to hear "[o]nly those cases in which a well-pleaded complaint establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Armstrong v. N. Mariana Islands*, 576 F.3d 950, 954–55 (9th Cir. 2009).

A challenge to subject-matter jurisdiction "may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial challenge is one that attacks the allegations in the complaint. In those instances, the court generally presumes the allegations in the complaint

are true. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). If instead the challenge disputes the truth of the allegations that would give rise to federal jurisdiction, the challenger lodges a "factual attack," and the court may review evidence beyond the confines of the complaint without assuming the truth of the plaintiff's allegations. *Safe Air*, 373 F.3d at 1039. The burden of establishing subject-matter jurisdiction rests with the plaintiff. *Motlagh v. Qatar Airways*, 445 F. Supp. 3d 852, 855 (S.D. Cal. 2020) (citing *Kokkonen*, 511 U.S. 377).

The complaint alleges jurisdiction under two sections of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207(a)(1) and 29 U.S.C. §216(b). ECF No. 17. Defendants' motion to dismiss lodges a factual attack on the complaint. Their motion rises and falls on their argument that the Nevada Labor Commissioner's finding "no employer/employee relationship could be established between Mr. Kohli and Quantified" is a finding of fact, to which Kohli did not object, therefore depriving this court of jurisdiction. *See generally* ECF No. 151. I disagree.

There is no evidence that there was a final judgment on the merits issued by the labor commissioner. The parties both submitted the letter from the commissioner's investigator stating that he was "unable to establish an employer/employee relationship." *See* Defs.' Ex. 5, ECF No. 151 at 26; Pl.'s Ex. 2, ECF No. 154-2. The plain language of that letter shows defendants' argument that the commissioner "ruled factually there was no employer/employee relationship" is inaccurate. ECF No. 151 at 11. The commissioner's *inability* to determine the employee/employer relationship between Kohli and defendants does not equate to a finding that there was *no* relationship. Defendants fail to supply any points and authorities supporting their argument that a letter from the commissioner's investigator—*not the commissioner*—is a final judgment on the merits. In fact, defendants fail to explain how a decision on the merits could have been reached if the commissioner was lacking jurisdiction, and further there was "no hearing [] conducted before the Assistant Labor Commissioner," but rather the labor commissioner investigator merely held a "conference[.]" Defs.' Ex. 8, ECF No. 151 at 33. Further, there is no evidence before the court that Kohli gave up or waived his rights to pursue his FLSA claims. *Cf.*

3

*Argento v. Sylvania Lighting Servs. Corp.*, 127 F. Supp. 3d 1060, 1070 (D. Ariz. 2015) (finding plaintiffs expressly "waiv[ed] all rights to file any additional such claims, actions, etc. relating to such wage claim[s]" and that "plaintiffs gave up [the] right to seek review of the administrative decision" and "to file [the] action" in district court). Rather, the letter from the commissioner's investigator directs Kohli to pursue his claim in a court with proper jurisdiction. Stated otherwise, defendants' motion lack merit. Accordingly, defendants' motion to dismiss for lack of subject-matter jurisdiction is denied.

### B.  Kohli's countermotion for sanctions is denied without prejudice.

Kohli moves this court to issue sanctions against defendants for challenging jurisdiction, Arguing that "Defendants never had any legitimate challenge to this Court's subject-matter jurisdiction." ECF No. 154 at 9. Defendants oppose the motion, arguing that FRCP 11(c)(2) requires the motion be filed separately, not incorporated into an opposition to the motion to dismiss. ECF No. 155 at 13. Defendants also argue the countermotion is devoid of any substantive analysis. *Id.* I agree with defendants' first argument. Rule 11(c)(2) states that "[a] motion for sanctions **must be** made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2) (emphasis added). Kohli failed to comply with the plain language of the rule and therefore his motion is denied without prejudice.[4] *See Love v. Kardooni*, 2022 U.S. App. LEXIS 26500, *4 (9th Cir. Sept. 22, 2022) (declining to address embedded argument for Rule 11 sanctions because defendants failed to file a separate motion for Rule 11 sanctions).

---

[4] Strict compliance with the rule is important because "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). In his reply to the motion to dismiss, Kohli requests permission to refile his sanctions motion as a separate document. ECF No. 156 at 5. Kohli was required to file his sanctions motion separately the first time. Fed. R. Civ. P. 11(c)(2). It is not a matter of what "the Court prefers" (ECF No. 156 at 5), but the procedural rule that all litigants must follow to bring a Rule 11 motion. Given a preference to resolve motions on the merits, the court will grant Kohli one opportunity to refile his Rule 11 motions properly. Kohli is cautioned that any failures to comply with the procedural or substantive requirements of Rule 11 will result in denial of the motion.

II.	Conclusion

IT IS THEREFORE ORDERED that defendants' motion to dismiss for lack of subject-matter jurisdiction [ECF No. 151] is DENIED. Accordingly, defendants' original motion [ECF No. 149] is denied as moot.

IT IS FURTHER ORDERED that Dayal's request for **joinder [ECF No. 150] is granted**.

IT IS FURTHER ORDERED that Kohli's countermotion for sanctions [ECF No. 154] is **DENIED without prejudice**.

Dated: March 27, 2024

_____
Cristina D. Silva
United States District Judge