ERIC KOHLI
3993 Howard Hughes Pkwy, 6th Floor
Las Vegas, NV 89169
T: (702) 347-1222
Eric@Kohli.us
*Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

ERIC KOHLI

    Plaintiff

vs.

AJAY G. DAYAL, QUANTIFIED INVESTMENT GROUP, LLC, QUANTIFIED CAPITAL GROUP, LLC

    Defendants

Case No.: 2:20-cv-00538-CDS-NJK

**JOINT PRETRIAL ORDER**

After pretrial proceedings in this case,

**IT IS ORDERED:**

### I. This Action

**i)**     **Plaintiff's complaint**

This civil action arises under federal labor laws, 29 U.S.C. § 201, *et seq* ("FLSA"). Plaintiff's complaint states that the Defendants employed him, and that he was an employee of Defendants. However, Defendants never paid him.

Plaintiff is asserting nine (9) claims. *See* Plaintiff's first amended complaint ("FAC," ECF No. 17). They are:

1) Non-payment of wages;[1]
2) breach of duty as an employer;[2]
3) FLSA and Nevada Wage and Hours Laws ("NWHL," NRS Ch. 608);[3]

---

[1] FAC 13:2.
[2] FAC 14:4.
[3] FAC 14:24.

4) unjust enrichment;[4]
5) breach of contract;[5]
6) retaliation and wrongful termination;[6]
7) bad faith;[7]
8) fraud;[8] and
9) involuntary servitude.[9]

Plaintiff seeks his unpaid salary for the period of his employment at the salary promised by the Defendants, which was $500,000/yr. The duration of his employment was 6 weeks. That calculates to an unpaid salary of $62,500. Plaintiff further seeks liquidated damages for an equal amount, i.e. $62,500, pursuant to 29 U.S.C. §§ 260 and 216(b). Further, Plaintiff seeks his costs and fees pursuant to NRS 608.140.

**ii)   The facts**

Defendants employed Plaintiff from June 10, 2019 to July 23, 2019, which is 6 weeks. Defendant Ajay Dayal ("Dayal") invited Plaintiff to Defendants' Offices and interviewed him. Dayal then hired Plaintiff. Plaintiff worked for Defendants as a full-time employee, performing services in Defendants' routine course of business, which is real estate and financial services.

Defendants' offices were located at 5830 W. Flamingo Rd, Suite 101, Las Vegas NV 89103 ("Defendants' Offices"). Each of the Defendants operated out of Defendants' Offices. Plaintiff's office, provided to him by the Defendants during his employment, was in Defendants' Offices.

On trial are Defendants: i) Ajay Dayal, ii) Quantified Investment Group, LLC ("QIG"), and iii) Quantified Capital Group, LLC ("QCG"). QIG and QCG are both Nevada limited liability companies. The court previously granted default against two other defendants, Pacific Bay Lending Group and Miss Elegant Expo. (*See* ECF No. 134.)

---

[4] FAC 16:8.
[5] FAC 17:7.
[6] FAC 18:1.
[7] FAC 18:19.
[8] FAC 19:9.
[9] FAC 20:20.

Dayal owns and heads all Defendants. He controls each Defendant's operations. Virtually all of Plaintiff's employment services were performed at Dayal's instruction and direction, and under his supervision.

Defendants, on the other hand, allege that Plaintiff was never hired as an employee, nor was he entitled to payment. Defendants allege they allowed Plaintiff to use their offices and resources in barter for legal advice without knowing Plaintiff was not licensed to practice law in Nevada at the time. Defendants allege nothing is owed to Plaintiff.

## II. Jurisdiction

This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the federal Fair Labor Standards Act of 1938 (29 U.S.C. § 201 *et seq*), and it seeks remedies pursuant to 29 U.S.C. § 216(b). This court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as the Defendants are domiciled in and/or reside in this district, and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## III. Admitted Facts

1) Plaintiff, at all relevant times, was a resident of Clark County (NV).
2) Ajay Dayal, at all relevant times, was a resident of Clark County (NV).
3) QIG and QCG ("Quantified Entities") were engaged in the business of real estate and finances related to mortgages during all relevant times.
4) Dayal is the owner, managing member, and resident agent of both Quantified Entities. He controls both of them.
5) Plaintiff and Ajay Dayal first met at a professional event in 2019.
6) The internet domain "thequantifiedgroup.com" is owned and operated by the Defendants. Dayal controls its content.

7) Dayal used the email account ajay@thequantifiedgroup.com during the relevant time for Defendants' business activities.

8) Dayal assigned the email account eric@thequantifiedgroup.com to Mr. Kohli during the relevant time.

9) Defendants' Offices at the relevant time were at 5830 W. Flamingo Rd, Suite 101, Las Vegas NV 89103.

10) Neither the Quantified Entities nor Mr. Dayal have ever paid Plaintiff any money.

11) Plaintiff had his own separate practice unrelated to his employment by the Defendants, IP Law World, for intellectual property during the time he worked for the Quantified Entities.

12) QCG is a Nevada limited liability company. Its current status is REVOKED with the Nevada Secretary of State.

13) QIG is a Nevada limited liability company. Its current status is DEFAULT with the Nevada Secretary of State.

## IV. Non-Admitted but Uncontested Facts

1) None.

### V. Issues of Fact for Trial

**A)** From the ***Plaintiff's perspective***, the issues of fact below need to be tried and determined at trial.
   1) Whether Dayal offered employment to Plaintiff, and Plaintiff was employed by Defendants. Alternatively, whether Plaintiff provide services for Defendants.
   2) Plaintiff's period of employment, or services performed, for Defendants was from June 10 to July 23, 2019.
   3) Whether Plaintiff's work for Defendants was in the routine course of Defendants' business, which is real estate and finance.
   4) Whether Plaintiff was not retained as Defendants' attorney.
   5) Plaintiff used the email account 'eric@thequantifiedgroup.com' for Defendants' business activities.
   6) Whether Defendants promised, but never provided, Plaintiff a letter of employment, and whether it was the only item that prevented Plaintiff from Rule 49.1(1)(h) certification as in-house counsel for Defendants..

7) Whether Defendants' failure to provide Plaintiff his salary was willful and intentional.
8) Whether Plaintiff's employment was constructively terminated when Defendants refused to pay his salary.
9) Whether the salary Defendants promised Plaintiff was $500,000 per year.
10) Defendants unilaterally conferred titles of in-house counsel, general counsel, etc., for their own self-serving purposes.
11) Whether Defendants routinely giving their employees lofty titles or designations for their own self-serving purposes.
12) Whether Defendants have a history and pattern of inducing people into employment based on false pretenses and misrepresentations, and then deceiving and/or cheating them out of their wages.
13) Whether Plaintiff performed his services at Dayal's instructions and under his supervision and control.
14) Whether Dayal had no intention of ever paying Plaintiff.
15) Whether Defendants have been conferred a benefit in excess of $62,500 by virtue of Plaintiff's services.
16) Whether Defendants are not licensed to engage in their regular course of business.
17) Whether Defendants provided Plaintiff an office at the Defendants' Offices to perform services for them.
18) Whether Plaintiff's federal practice before the U.S. Patent & Trademark Office and the U.S. Copyright office required a Nevada license.

B) From the ***Defendants' perspective***, the issues of fact below need to be tried and determined at trial.

- Whether Quantified Entities had any employees in June/July 2019.
- Whether Plaintiff was licensed to practice law in the state of Nevada in 2019.
- Whether Quantified Entities only engaged independent contractors in June/July 2019.
- Whether there was an employment contract between Plaintiff and the Quantified Entities.
- Whether there was a meeting of the minds on any alleged agreement between the parties.
- Whether Plaintiff was hired as an attorney to perform attorney-type work or if he was hired for some other purpose.
- The amount of control Dayal exercised, if any, over Plaintiff when providing work or services for the Quantified Entities.

- Whether Plaintiff used the offices of the Quantified Entities to perform work for IP Law.
- Whether Plaintiff used Quantified Entities resources to perform work for IP Law.
- Whether Quantified Entities hired Plaintiff as an employee.
    - If so, for what purpose?
    - If Plaintiff was an employee, what was his role?
    - If Plaintiff was an employee, what were the terms of his employment?
    - If Plaintiff was an employee, when did his employment begin?
    - If Plaintiff was an employee, when did his employment end?
    - If Plaintiff was an employee, did he resign or was he terminated?
    - If Plaintiff was an employee, how much time he worked as an employee.
    - If Plaintiff was an employee, is the amount claimed by Plaintiff disproportionate to the amount and value of services actually rendered?
    - If Plaintiff was an employee, did Dayal request Plaintiff to work overtime.
        - If so, how much overtime was worked.
- Whether Plaintiff was an independent contractor.
    - If so, what were the terms of the agreement?
    - If Plaintiff was an independent contractor, what services did Plaintiff provide?
    - If Plaintiff was an independent contractor, how much time did Plaintiff spend providing services?
    - If Plaintiff was an independent contractor, did the Quantified Entities provide the consideration required under the agreement?
- The circumstances which ended the relationship between Plaintiff and the Quantified Entities.
- If Plaintiff was terminated, whether the termination was wrongful.
- The legitimate expectations of the parties when entering into any agreement.
- Whether Plaintiff was denied the legitimate expectation of any such agreement.

- The amount of receipts, if any, received by Quantified Entities between June 4, 2019 and July 17, 2019.
    - Which projects with receipts in that time period did Plaintiff work on?
- The reason Plaintiff was assigned the email account eric@thequantifiedgroup.com by the Quantified Entities.
- Whether Plaintiff used the title "General Counsel" in emails he sent to third parties in 2019.
- Whether Plaintiff use the title "In-house Counsel" in emails he sent to third parties in 2019.
- Whether Plaintiff start the process of becoming properly licensed as in-house counsel before sending such emails.
- Whether Plaintiff knew he was not properly licensed by the Nevada State Bar as in-house counsel when sending any such emails to third parties.
- Whether the Quantified Entities or Dayal knew Plaintiff was not licensed as a lawyer in the State of Nevada.
- Whether Plaintiff was introduced to clients and business associates as "General Counsel" or "In-House Counsel."
    - If so, whether Plaintiff refuted the claim.
- Whether and when Plaintiff requested an affidavit certifying employment from Dayal.
    - If so, whether Defendants purposefully and/or knowingly impeded Plaintiff's attempts to submit paperwork to the State Bar of Nevada to obtain "In-House Counsel" status.
- If the Quantified Entities are found to have acted wrongly, whether the actions were willful, malicious, or oppressive.
- Whether Defendants were unjustly enriched by work performed by Plaintiff.
- Whether Plaintiff suffered any provable emotional distress.
- Whether Plaintiff can prove a physical manifestation of emotional distress.
- Whether Plaintiff suffered any compensatory damages.

- o If so, what amount?
- Whether Plaintiff has unclean hands.

### VI. Issues of Law for Trial

**A.** From the *Plaintiff's perspective*, following are the issues of law to be to be tried and determined at trial.

1) Defendants' liability to Plaintiff under FLSA and NRS 608 for unpaid wages, liquidated damages, unpaid benefits, and attorneys' fees and costs.
2) Defendants' liability to Plaintiff under the theory of unjust enrichment, including the amount.
3) Defendants' liability to Plaintiff for breach of contract, including the amount.
4) Defendants' liability to Plaintiff for unlawful termination, including the amount of such damages.
5) Defendants' liability for hiring Plaintiff without intention of ever paying him if it was undertaken with the intent to defraud.
6) Plaintiff's status as not an exempt employee under the FLSA, including for Defendants' failure to pay him FLSA's salary threshold.
7) Was an attorney-client relationship ever created between Plaintiff and any of the Defendants.
8) Whether Plaintiff is entitled to restitution from Defendants for involuntary servitude.

**B)** From the *Defendants' perspective*, following are the issues of law to be to be tried and determined at trial.

1) Whether an unlicensed and uncertified attorney can claim equitable estoppel to obtain payment for legal work performed while not licensed or certified.
2) Whether an unlicensed and uncertified attorney can claim quantum meruit/unjust enrichment to obtain payment for legal work performed while not licensed or certified.
3) Whether a contract with an unlicensed and uncertified attorney to perform legal work is valid and enforceable.
4) Whether there was a valid and enforceable contract between the parties.
5) If hired by the Quantified entities, whether Plaintiff was exempt under the FLSA and the NWHL.
6) Whether a breach of contract entitles a party to punitive damages.
7) Whether Plaintiff may request punitive damages for this Bad Faith claim.
8) Whether Plaintiff may civilly sue for alleged violations of Fraud (NRS 205.380), Extortion (NRS 200.463), and Involuntary Servitude (NRS 613.080).
9) Whether Plaintiff may pursue a claim for Intentional Infliction of Emotional Distress.
10) Whether Plaintiff's claims for fraud are barred if he knowingly practiced law without being licensed in Nevada.

11) Whether the application of the doctrine of unclean hands bars Plaintiff's Wages claims.

12) Whether the application of the doctrine of unclean hands bars Plaintiff's Duty of Employer claim.

13) Whether Plaintiff's Duty of Employer claim states a claim upon which relief may be granted.

14) Whether the application of the doctrine of unclean hands bars Plaintiff's Unjust Enrichment claim.

15) Whether the application of the doctrine of unclean hands bars Plaintiff's Retaliation and Wrongful Termination claim.

16) Whether the application of the doctrine of unclean hands bars Plaintiff's Fraud claim.

17) Whether Plaintiff's Extortion and Involuntary Servitude claim states a claim upon which relief may be granted.

18) Whether the application of the doctrine of unclean hands bars Plaintiff's Intentional Infliction of Emotional Distress claim.

19) Whether Plaintiff's Intentional Infliction of Emotional Distress claim states a claim upon which relief may be granted.

## VII.   Exhibits

**(1) Plaintiff's exhibits:**

| Number | Description | Bates Number |
|---|---|---|
| 1 | Work email sent by Plaintiff during the course of his employment for Defendants. | P001 – P002 |
| 2 | <Deleted> | |
| 3 | Work email sent by Plaintiff during the course of his employment for Defendants. | P005 |
| 4 | Work email sent by Defendant Dayal to Plaintiff during the course of Plaintiff's employment for Defendants. | P006 – P007 |
| 5 | Work email sent by Defendant Dayal to Plaintiff during the course of Plaintiff's employment for Defendants. | P011 |
| 6 | Work email sent by Defendant Dayal to Plaintiff during the course of Plaintiff's employment for Defendants. | P015 – P016 |
| 7 | Work email sent to Plaintiff and Defendant Dayal, from another employee of Defendants. | P020 – P023 |
| 8 | <Deleted> | |
| 9 | Work email sent by Defendant Dayal to Plaintiff and other Defendants' employees during the course of Plaintiff's employment for Defendants. | P030 – P035 |
| 10 | Work email sent to Plaintiff and Defendant Dayal from another employee of Defendants, regarding the employee's subpoena response. | P036 – P037 |
| 11 | Work email from Defendant Dayal to Plaintiff, informing him of his work email setup. | P038 |

| | # | Description | Bates |
|---|---|---|---|
| 1 | 12 | Email sent by Defendant Dayal to Plaintiff instructing Plaintiff to use the Defendants' logo in his work-email signature line. | P039 – P041 |
| 2 | 13 | Work email sent by Defendant Dayal to Plaintiff during the course of Plaintiff's employment for Defendants. | P053 – P054 |
| 3 | 14 | Work email sent by Defendant Dayal to Plaintiff during the course of Plaintiff's employment for Defendants. | P057 – P060 |
| 4 | 15 | Work email sent by Defendant Dayal to Plaintiff during the course of Plaintiff's employment for Defendants. | P061 – P063 |
| 5 | 16 | Work email sent by Defendant Dayal to Plaintiff and other employees during the course of Plaintiff's employment for Defendants. | P064 – P066 |
| 6 | 17 | Work email sent by Defendant Dayal to Plaintiff and other employees during the course of Plaintiff's employment for Defendants. | P067 – P070 |
| 7 | 18 | <Deleted> | |
| 8 | 19 | Work email sent by Defendant Dayal to Plaintiff and other employees during the course of Plaintiff's employment for Defendants. | P072 |
| 9 | 20 | Work email sent by Defendant Dayal to Plaintiff and other employees during the course of Plaintiff's employment for Defendants. | P079 |
| 10 | 21 | Work email sent by Defendant Dayal to Plaintiff during the course of Plaintiff's employment for Defendants. | P080 – P081 |
| 11 | 22 | Work email sent by Defendant Dayal to Plaintiff during the course of Plaintiff's employment for Defendants. | P082 – P083 |
| 12 | 23 | Work email sent by Defendant Dayal to Plaintiff and other employees during the course of Plaintiff's employment for Defendants. | P086 |
| 13 | 24 | Work email sent by Defendant Dayal to Plaintiff and other employees during the course of Plaintiff's employment for Defendants. | P087 |
| 14 | 25 | Work email sent by Defendant Dayal to Plaintiff and other employees during the course of Plaintiff's employment for Defendants. | P088 |
| 15 | 26 | Work email sent by Defendant Dayal to Plaintiff during the course of Plaintiff's employment for Defendants. | P092 – P093 |
| 16 | 27 | Work email sent by an employee of Defendants to Plaintiff and Defendant Dayal during the course of Plaintiff's employment. | P096 |
| 17 | 28 | Work email sent by an employee of Defendants to Plaintiff and Defendant Dayal during the course of Plaintiff's employment. | P097 – P098 |
| 18 | 29 | Text communications between Defendant Dayal and Plaintiff. | P099 |
| 19 | 30 | Text communications between Plaintiff and Defendants' employee Anthony Keep regarding work matters. | P100 |
| 20 | 31 | Printout of a page from one of Defendants' websites. | P102 – P103 |
| 21 | 32 | Email from Plaintiff to Defendant Dayal providing the profile pictures requested by Dayal. | P104 |
| 22 | 33 | Work email sent by an employee of Defendants to Plaintiff, Defendant Dayal, and other employees during Plaintiff's employment. | P109 |
| 23 | 34 | Work email sent by an employee of Defendants to Plaintiff, Defendant Dayal, and other employees during Plaintiff's employment. | P111 – P113 |
| 24 | 35 | Work email sent by an employee of Defendants to Plaintiff and Defendant Dayal during the course of Plaintiff's employment. | P114 |

| | | | |
|---|---|---|---|
| 1 | 36 | Work email sent by an employee of Defendants to Plaintiff and Defendant Dayal during the course of Plaintiff's employment. | P115 |
| 2 | 37 | Work email from Defendant Dayal to Plaintiff, forwarding a communication from a client. | P116 |
| 3 | 38 | Work email sent by an employee of Defendants to Plaintiff and Defendant Dayal during the course of Plaintiff's employment. | P117 |
| 4 | 39 | Work email sent by an employee of Defendants to Plaintiff and Defendant Dayal during the course of Plaintiff's employment. | P118 |
| 5 | 40 | Work email sent by Defendant Dayal to Plaintiff and to other employees during the course of Plaintiff's employment for Defendants. | P119 – P120 |
| 6 | 41 | Work email sent by an employee of Defendants to Plaintiff and Defendant Dayal during the course of Plaintiff's employment. | P121 – P122 |
| 7 | 42 | Work email sent by Defendant Dayal to Plaintiff during the course of Plaintiff's employment for Defendants. | P123 – P125 |
| 8 | 43 | Work email sent by Defendant Dayal to Plaintiff during the course of Plaintiff's employment for Defendants. | P126 – P127 |
| 9 | 44 | Work email sent by an employee of Defendants to Plaintiff and Defendant Dayal during the course of Plaintiff's employment. | P128 – P129 |
| 10 | 45 | Work email sent by Defendant Dayal to Plaintiff during the course of Plaintiff's employment for Defendants. | P130 – P131 |
| 11 | 46 | Work email sent by an employee of Defendants to Plaintiff during the course of Plaintiff's employment. | P132 – P133 |
| 12 | 47 | Work email sent by Defendant Dayal to Plaintiff and to other employees during the course of Plaintiff's employment for Defendants. | P134 – P135 |
| 13 | 48 | Work email sent by an employee of Defendants to Plaintiff during the course of Plaintiff's employment. | P139 |
| 14 | 49 | Work email sent by Defendant Dayal to Plaintiff during the course of Plaintiff's employment for Defendants. | P141 |
| 15 | 50 | A credit pre-approval letter for a client, provided by Defendant Dayal to Plaintiff for work. | P0144 – P0145 |
| 16 | 51 | A real-estate listing by Defendants. | P0148 |
| 17 | 52 | Defendants' confidentiality agreement for Defendants' real-estate listing. | P0149 – P0150 |
| 18 | 53 | Defendants' credit consultation and pre-approval document for a client. | P0152 - P0153 |
| 19 | 54 | Plaintiff's notes taken during a work meeting with Defendants' client and Defendants' other employees. | P0158 – P0161 |
| 20 | 55 | Sworn affidavit of Anthony Keep, Defendants' employee. | P0180 – P0181 |
| 21 | 56 | Text communications between Defendant Dayal and Plaintiff. | P0182 |
| 22 | 57 | A page from Defendants' website. | P0186 |
| 23 | 58 | A page from Defendants' website. | P0189 |
| 24 | 59 | A page from Defendants' website. | P0190 – P0191 |

| | | | |
|---|---|---|---|
| 60 | A page from Defendants' website. | P0192 – P0193 |
| 61 | Letter from the Nevada Labor Commissioner's office. | P0204 |
| 62 | Email from Dayal to Plaintiff and other employees. | P0207 |
| 63 | Work email from Dayal to Plaintiff. | P0211 – P0212 |
| 64 | Email from Dayal to Plaintiff and other employees. | P0219 |
| 65 | Work email from Dayal to Plaintiff. | P220 – P221 |
| 66 | <Deleted> | |
| 67 | Email from Dayal to Plaintiff and other employees. | P0227 – P0230 |
| 68 | Email from Dayal to Plaintiff and other employees. | P0234 |
| 69 | Email from Dayal to Plaintiff and other employees. | P0236 – P0239 |
| 70 | <Deleted> | |
| 71 | Work email sent by an employee of Defendants to Plaintiff and Defendant Dayal during the course of Plaintiff's employment. | P0241 |
| 72 | Work email sent by an employee of Defendants to Plaintiff and Defendant Dayal during the course of Plaintiff's employment. | P0242 |
| 73 | Email from Dayal to Plaintiff and other employees. | P0243 |
| 74 | Email from Dayal to Plaintiff and other employees and individuals. | P0246 |
| 75 | Business document used in Defendants' business. | P0249 – P0250 |
| 76 | Email from Plaintiff to Dayal and other employees. | P0258 – P0259 |
| 77 | Work email from Plaintiff. | P0264 – P0265 |
| 78 | Work email from Plaintiff. | P0266 – P0267 |
| 79 | Work email from Plaintiff. | P0268 |
| 80 | Email from Plaintiff to Dayal and other employees. | P0269 – P0270 |
| 81 | Email from Plaintiff to Vonnie Wong. | P0271 |
| 82 | Email from Plaintiff to Defendants' employee. | P0272 |
| 83 | Email from Plaintiff to Storm DuBois | P0278 |

| # | Description | Bates |
|---|---|---|
| 84 | Email from Plaintiff to Vonnie Wong and Dayal. | P0279 |
| 85 | Email from Plaintiff to Dayal. | P0280 |
| 86 | Email from Plaintiff to Vonnie Wong. | P0281 – P0282 |
| 87 | NV state LLC registration for QIG | P0296 – P0297 |
| 88 | NV state LLC registration for QCG | P0298 – P0299 |
| 89 | Dayal's social media postings. | P300-P301 |
| 90 | State Bar of Nevada Opinion. | P323 – P327 |
| 91 | Expert witness report of Plaintiff's expert witness. | |
| 92 | Defendants' responses to all interrogatories. | |
| 93 | Defendants' responses to all requests for admission. | |
| 94 | Transcripts of Defendants' two depositions. | |
| 95 | QIG's 2017 Tax Return's first page. | P320 |
| 96 | QIG's 2018 Tax Return's first page. | P321 |
| 97 | Defendants' reported business licenses. | P322 |

(2) **Defendants' exhibits:**

| D. Exh. | Description | Bates | |
|---|---|---|---|
| A | 9/30/19 Letter from Labor Commissioner | D109 | |
| B | 8/2/19 Letter from Labor Commissioner | D110 | |
| C | 7/31/19 Claim for Wages | D111 | |
| D | 9/9/19 Notice to Appear | D112 | |
| E | 8/16/19 Response by Keep | D114 | D115 |
| F | Letter from Mr. D'Silva | D128 | |
| G | Letter from Storm Dubois | D129 | |
| H | 8/28/19 Letter from DETR | D018 | |
| I | 8/9/19 Letter from DETR | D019 | D020 |
| J | Quantified Response to DETR | D021 | D025 |
| K | 7/17/19 Response by Quatified | D116 | D118 |
| L | IP Law Business Card | D101 | D102 |

| | | | |
|---|---|---|---|
| M | Photos and map re: IP Law Address | D099 | D100 |
| N | Emails on June 13, 2019 | D016 | D017 |
| O | Retainer Agreement for IP Law World | D103 | D105 |
| P | Retainer Agreement for IP Law World | D106 | D108 |
| Q | Retainer Agreement for IP Law World | D123 | D125 |
| R | United States Patent Document | D130 | |
| S | Plaintiff's Complaint (without exhibits) | D030 | D049 |
| T | 6/13/19 email from Wong to Dayal | D017 | |
| U | 7/2/19 email from Kohli to Barbour | D008 | |
| V | Dec. 22, 2022 NEOJ re: Patel v. Quantified Investment, et al. | | |
| W | July 17, 2019 Letter from Kohli to Wickett | D116 | D117 |
| X | July 1, 2019 email from Kohli | D012 | D015 |

A. The following exhibits are stipulated into evidence and may be so marked by the clerk:

*(a) Plaintiff's exhibits*

Defendants agree the following Plaintiff's exhibits may be admitted:

1, 3, 4, 5, 9, 11, 12, 13, 14, 15, 16, 17, 20, 21, 23, 24, 25, 26, 27, 29, 31, 32, 38, 42, 43, 46, 56, 61, 67, 68, 73, 74, 76, 80, 81, 84, 85, 86, 87, 88.

*(b) Defendants' Exhibits***:**

Plaintiff agrees the following Defendants' exhibits may be admitted:

A, B, C, D, H, I.

**(c)** As to the following additional exhibits, the parties have reached the stipulations stated:

None.

**(d)** As to the following exhibits, the party against whom they will be offered objects to their admission on the following grounds:

(1) Plaintiff's exhibits and Defendants' objections to them.

*Relevance:* 10, 30, 50, 51, 52, 53, 54, 57, 58, 59, 60, 75, 82, 85, 88, 89, 93.

*Incomplete*: 9, 15, 22, 35, 47, 54, 63, 83.

*Foundation:* 7, 10, 22, 30, 35, 40, 47, 50, 51, 52, 53, 54, 57, 58, 59, 60, 63, 75, 83, 85, 87.

*Hearsay:* 10, 30, 37, 54, 55.

*Preserving other objections*:  9 (partial), 15 (partial), 28, 41, 42, 48, 54(partial), 65, 71, 72, 77, 78, 79.

*Failure to disclose (FRCP 37(c)(1))*: 9 (partial), 15 (partial), 28, 41, 42, 48, 54 (partial), 65, 71, 72, 77, 78, 79.

Ex. 91 –Mr. Keep is not a qualified expert witness.

Ex. 92 – All objections incorporated.  Object to any use beyond that allowed by FRE.

Ex. 93 – All objections incorporated.

      Defendants object to the use of a narrative in the Plaintiff's description of his Proposed Exhibits.  Defendants allege that it is for the fact finder to determine whether the documents were sent "during the course of Plaintiff's employment." A date and to/from description will not suffice.

      (2)  Defendants' exhibits and Plaintiff's objections to them.

*Hearsay:*     E, F, G, N.

*Relevance:*     F, J, K, L, M, N, O, P, Q, R, S, T, U, V, W, X.

*Unexecuted blank documents:* O, P, Q.

*Inadmissible unidentified documents*: V.

*Foundation:*   O, P, Q, W, U-X (objection to V based on Defendants' description).

*Collection of unrelated items:* X.

*Failure to disclose (FRCP 37(c)(1))*: U, V, W, X.

      Defendants have cited 13 of Plaintiff's exhibits as "Failure to disclose." Plaintiff produced each one of those on (or about) July 8, 2020, as part of Plaintiff's initial Rule 26 disclosures.

      Plaintiff has repeatedly advised Defendants of that. Plaintiff has even provided Defendants evidence of one of the approx. 9 emails where these bates-stamped documents were attached. Plaintiff has even offered to provide copies of these exhibits again to Defendants. However, Plaintiffs nonetheless insist on including this objection.

**(e) Electronic evidence:**

Plaintiff will submit into evidence, and during trial, play the video of, Defendant Dayal's two depositions. Those videos will be provided in electronic format.

Plaintiffs and Defendants will provide copies of their exhibits electronically.

**(f) Depositions:**

(1) Plaintiff will offer Defendants Dayal and QIG's depositions in their entirety. They will be offered at trial against all three Defendants.

(2) Defendants will offer no depositions.

**(g) Defendants' Objections to Defendants Dayal and QIG's Depositions:**

(1) "As Dayal will be present and testifying at trial, Defendants object to the use of Dayal's deposition except for the purposes of impeachment."

### (2) Witnesses

The following witnesses may be called by the parties at trial.

**(a) Plaintiff's witnesses:**

i) Anthony Keep – Expert witness
   420 N. Nellis Blvd., #A3-150
   Las Vegas, NV 89110

ii) Fayyaz Raja
   7708 Alina Ave
   Las Vegas, NV 89145

iii) Gaurang Patel
   1435 E. Tropicana Ave
   Las Vegas, NV 89119

iv) Ajay Dayal, defendant.
   c/o HUTCHISON & STEFFEN, PLLC
   10080 West Alta Drive, Suite 200
   Las Vegas, Nevada 89145

v) Eric Kohli, plaintiff
   3993 Howard Hughes Pkwy, 6th Floor
   Las Vegas, NV 89169

vi) Anthony Keep – Fact witness
   420 N. Nellis Blvd., #A3-150

            Las Vegas, NV 89110

   vii) Reuben D'Silva
        1416 Greenbare Dr.
        Las Vegas, NV 89110

**(b) Defendants' witnesses:**

   i)     Dayal, Ajay
         c/o HUTCHISON & STEFFEN, PLLC
         10080 West Alta Drive, Suite 200
         Las Vegas, Nevada 89145

   ii)    Cole, Glenroy
         6889 S Eastern Ave,
         Las Vegas, NV 89119

   iii)   D'Silva, Reuben
         1416 Greenbare Dr.
         Las Vegas, NV 89110

   iv)    Wong, Yimching Vonnie
         10752 Meridian Mills Rd.
         Henderson, NV 89052

   v)     Trivett, Richard
         1. Silverado Ranch Blvd. #2247
         Las Vegas, NV 89183

### (3) Proposed Trial Dates

The attorneys or parties jointly offer these three trial dates:

      <u>October 1, 2024</u>    <u>November 13, 2024</u>    <u>September 18, 2024</u>

It is expressly understood by the undersigned that the court will set the trial of this matter on one of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the court's calendar.

### (4) Estimated Duration for the Trial

The trial is estimated to take a total of <u> 2-3 </u> days.

The parties stipulate that this Proposed Order complies with LR 16-3 and 16-4.

**APPROVED AS TO FORM AND CONTENT:**

__/s/_ Eric Kohli_____
Signature of Plaintiff

__/s/ Robert Werbicky_____
Signature of Attorney for Defendants QIG and QCG

__/s/ Ajay Dayal_____
Signature of Defendant Ajay G. Dayal

## XI.
## ACTION BY THE COURT

This case is set for ~~court~~/jury trial on the ~~fixed~~/stacked calendar on November 18, 2024. Calendar call will be held on November 7, 2024 at 9:30 a.m. in courtroom 6B.

Dated: April 15, 2024

_____
U.S. DISTRICT JUDGE

# CERTIFICATE OF SERVICE

I hereby certify that I am the Plaintiff in this matter.

On this the 12th day of April, 2024, I am serving a true and correct copy of the attached PROPOSED JOINT PRETRIAL ORDER to Defendants' Counsel Mr. Robert E. Werbicky via the U.S. District Court's electronic filing system to his email address of record as it exists in the U.S. District Court' electronic filing system. Additionally, I am mailing a hard copy thereof, via U.S. Mail, first class postage prepaid, to Defendant Ajay Dayal at the address:

> 2300 W. Sahara Ave, Ste 800
> Las Vegas, NV 89102

DATED this 12th day of April, 2024.

> /s/ eric kohli
> Eric Kohli
> 3993 Howard Hughes Pkwy, 6th Fl.
> Las Vegas, NV 89169
> (702) 347-1222
> Eric@Kohli.us
> *Plaintiff*