UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Eric Kohli,

        Plaintiff

v.

Ajay Dayal, et al.,

        Defendants

Case No. 2:20-cv-00538-CDS-NJK

**Order Adopting in Part Magistrate Judge's Report and Recommendation, and Entering Clerk's Default**

[ECF No. 176]

On April 22, 2024, Magistrate Judge Nancy Koppe ordered defendants Quantified Investment Group, LLC and Quantified Capital Group, LLC ("Quantified defendants") to retain counsel and enter a notice of appearance by May 22, 2024. ECF No. 168. The order was served on Quantified defendants by mail, and on May 1, 2024, the mail was returned as undeliverable. ECF No. 169. On May 2, 2024, Judge Koppe ordered the Quantified defendants and defendant Ajay Dayal to update their addresses. ECF No. 170. The Quantified defendants and Dayal were cautioned that failure to update their address would result in the imposition of case-dispositive sanctions. *Id.* When the Quantified defendants and Dayal failed to comply, Judge Koppe ordered them to show cause why case-dispositive sanctions should not be imposed. ECF No. 172. The deadline to respond expired, and neither the Quantified defendants nor Dayal filed a notice of appearance of counsel, a change of address, or otherwise responded to the magistrate judge's show-cause order.

Therefore, Judge Koppe issued a report recommending that I enter default judgment against the Quantified defendants and Dayal. R&R, ECF No. 176. She reasoned that sanctions less drastic than default judgment are unavailable "because an 'order to show cause why dismissal was not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail.'" *Id.* (citing *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988)).

Objections to the R&R were due by July 16, 2024, and neither the Quantified defendants nor Dayal has filed an objection or requested more time to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). I find that the Quantified defendants and Dayal's failure to object to the R&R, combined with their repeated refusals to comply with this court's orders, justify a Clerk's entry of default. I therefore adopt in part Judge Koppe's report and recommendation and enter default against the Quantified defendants and Dayal.

But because plaintiff Eric Kohli must prove damages, however, I decline to enter default judgment at this time. Because defaults have now been entered against all defendants, the time is ripe for Kohli to file a motion for default judgment.

## Conclusion

IT IS THEREFORE ORDERED that the magistrate judge's report and recommendation **[ECF No. 176] is ADOPTED in part**; the Clerk of Court is instructed to enter default against defendants Ajay Dayal, Quantified Investment Group, LLC, and Quantified Capital Group, LLC.

Kohli is directed to file a motion for default judgment against these defendants that satisfies the requirements of Federal Rule of Civil Procedure 55 and addresses the factors established in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986) by August 10, 2024.

Dated: July 23, 2024

_____
Cristina D. Silva
United States District Judge