UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Eric Kohli, | Case No. 2:20-cv-00538-CDS-NJK |
| Plaintiff | **Order Denying Plaintiff's Motion for Default Judgment, Granting Plaintiff's Motion to Strike, and Striking Defendant Dayal's Motion for Action** |
| v. | |
| Ajay G. Dayal, et al., | |
| Defendants | [ECF Nos. 189, 192, 201] |

This action is brought by plaintiff Eric Kohli, a lawyer representing himself pro se, for the payment of money allegedly owed due to performance of an employment contract. Kohli sued defendants Ajay G. Dayal, Quantified Investment Group LLC, Quantified Capital Group, Pacific Bay Lending Group, and Miss Elegant Expo for defendants' refusal to pay Kohli's salary and wages after he performed two months' work for defendants and was not paid. *See generally* First Am. Compl. (FAC), ECF No. 17. There are two motions pending before the court: (1) Kohli's motion for entry of default against defendant Dayal (ECF No. 189) and (2) Dayal's motion for action against alleged witness and evidence tampering (ECF No. 192). Dayal filed an opposition to the default motion. ECF No. 191.[1] Kohli filed an opposition to the motion for action (ECF No. 202); and separately filed a motion to strike the filing under Federal Rule of Civil Procedure 12(f). ECF No. 201. For the reasons set forth herein, I deny Kohli's motion for default judgment, and grant Kohli's motion to strike.

---

[1] Dayal also filed this as a motion against summary judgment. *See* ECF No. 190. Dayal subsequently filed notice that ECF No. 190 filing was intended as his opposition to the motion for default judgment, *see* ECF No. 191 at 2, so I denied the inadvertent motion against summary judgment as moot. Min. order, ECF No. 198.

## I. Discussion

### A. Kohli's motion for default judgment.

Obtaining a default judgment under Federal Rule of Civil Procedure 55 is a two-step process. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (explaining the process). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After default is entered, a party may seek entry of default judgment under Rule 55(b). "Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *Warner Bros Ent. Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). The "general rule [is] that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). Whether to grant a default judgment lies within the district court's discretion. *Id.*

The Clerk of Court entered default against defendants Pacific Bay and Miss Elegant Expo on August 21, 2023. Default 1, ECF No. 139. The Clerk of Court entered default against defendants Ajay G. Dayal, Quantified Capital Group, LLC, and Quantified Investment Group, LLC on July 24, 2024. Default 2, ECF No. 181. Upon entry of default, I take as true the factual allegations in the non-defaulting party's complaint, except those related to the amount of alleged damages. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

In accordance with Rule 55, Kohli filed a motion for default judgment against all defendants. Default mot., ECF No. 189. Kohli seeks a $125,000 judgment, entered joint and several, against all defendants. *Id.* at 20. Kohli argues, in part, that default is warranted because defendants have repeatedly disobeyed the local rules and the court's orders, engaged in abusive litigation practices that have interfered with the court's ability to hear this case, delayed

litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the orderly administration of justice. *Id.* at 4.

### 1. The Eitel *factors*

As the procedural requirements for default judgment has been satisfied, I now consider the following factors in determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

#### a. The first Eitel *factor: Possibility of prejudice to the plaintiff*

The first *Eitel* factor requires the court to "consider[ ] whether and to what extent [the plaintiff] will suffer prejudice… if the Court declines to grant default judgment." *Blackhawk Network, Inc., v. Comput. Servs., Inc.*, 2024 U.S. Dist LEXIS 186282 at *6 (N.D. Cal. Oct. 11, 2024). Here, at this point, defendants' participation in this litigation is questionable at best. Although at the beginning of this litigation, all defendants were represented by counsel and were actively engaged in defending themselves, that representation terminated in January of 2023. *See* Mins. of proc., ECF No. 107 (granting motion to withdraw (ECF No. 96)). Thereafter, Dayal, Quantified Investment Group, LLC, and Quantified Capital Group, LLC retained another attorney,[2] who filed a motion to dismiss on behalf of those defendants, but then moved to withdraw from the case after those defendants failed to pay for services rendered, causing a breakdown of the attorney-client relationship. *See* mot. to withdraw, ECF No. 160. The motion to withdraw was granted. Order, ECF No. 168. Since that time, none of the defendants have obtained new counsel.

---

[2] Defendants Pacific Bay Lending and Miss Elegant Expo never retained new counsel.

3

As it relates to defendants Quantified Investment Group, LLC and Quantified Capital Group, LLC (the Quantified defendants), Magistrate Judge Nancy J. Koppe issued a report and recommendation that I enter default against them for their repeated failures to comply with court orders, namely, to obtain counsel to represent them as is required by the federal rules. Second R&R, ECF No. 176. This was issued after the Quantified defendants failed to respond to a court order to update their address, ECF No. 170, and a show-cause order demanding they explain why sanctions should not be issued for failing to update their address, ECF No. 172. This was not the first time Judge Koppe issued a show-cause order against the Quantified defendants. In May of last year, she issued a show cause order for failing to meet the deadline for obtaining counsel, which is required for corporate defendants. *See* ECF No. 118. To date, neither of these defendants have obtained counsel.

As it relates to defendants Pacific Bay Lending and Miss Elegant Expo, Judge Koppe issued a report and recommendation that default be entered against both on July 28, 2023. First R&R, ECF No. 134. The R&R was issued after both defendants failed to respond to a show cause order (ECF No. 118) for failing to obtain counsel as required for corporate defendants. *Id.* The defendants were given multiple extensions to comply and failed to do so. *Id.* at 1. The two companies did not file any objections to the R&R. Consequently, I adopted the R&R in full. Order, ECF No. 138. Therein, I ordered the Clerk of Court to enter default against Bay Lending Group and Miss Elegant Expo and directed Kohli to file a motion for default judgment as required by Rule 55. *Id.* at 3. The Clerk of Court entered default on August 21, 2023. Default, ECF No. 139. On October 15, 2023, Kohli filed the motion for default judgment. ECF No. 153. No opposition was filed, however, because the defaulting defendants were similarly situated to the non-defaulting defendants, it was appropriate to enter default at this stage rather than default judgment. Order, ECF No. 157.

Defendant Dayal's participation in this litigation is slightly better than that of co-defendants Quantified Investment Group, LLC, Quantified Capital Group, LLC, Pacific Bay Lending, and Miss Elegant Expo. Like the Quantified defendants, Dayal was represented by the same two attorneys who ultimately withdrew. *See* ECF No. 107; ECF No. 168. After counsel withdrew in April of this year, Judge Koppe gave two warnings to Dayal to update his address. *See* ECF No. 170 (order to update address or face case dispositive sanctions); ECF No. 172 (order to show cause why case dispositive sanctions should not be entered). Dayal failed to respond to the orders to update his address, so on July 2, 2024, Judge Koppe issued a report and recommendation that I enter default judgment against Dayal. ECF No. 176. On July 23, 2024, I adopted that R&R in part and ordered the Clerk of the Court to enter default against Dayal (and the Quantified defendants). ECF No. 179 at 2. I also directed Kohli to file a motion for default judgment as required by Rule 55. *Id.* After seeking an extension (ECF No. 182), Kohli filed the pending motion for default judgment against Dayal and the Quantified defendants. ECF No. 189.

After I granted Kohli's motion to extend time to file the default motion, Dayal began to engage in this litigation. He filed a motion for an extension of time to find counsel to represent him, which included a request that default judgment not be entered against him. Mot., ECF No. 184 at 2. I denied that motion because Dayal had eighteen months to secure counsel after his original counsel withdrew.[3] ECF No. 184. Dayal also filed a motion for reconsideration (ECF No. 187), which I denied. ECF No. 188.

Given the Quantified defendants' repeated failure to comply with court orders, the court finds that Kohli will suffer prejudice if default judgment is not entered against them as he will have no other means for recovery against them. *See M&E Staffing, LLC v. Remarkable Staffing, LLC*, 2024 U.S. Dist. LEXIS 176014, at *5 (E.D. Wash. Sept. 27, 2024) (finding plaintiff had no other

---

[3] The court notes that although Dayal and the Quantified defendants retained new counsel, they failed to pay them, so they withdrew. *See* ECF No. 160. The Quantified defendants have also been repeatedly cautioned and given extensions to locate counsel. *See, e.g.*, ECF Nos. 118, 168, 170, 172.

recourse than default judgment to recover damages because defendant failed to execute a settlement agreement and failed to otherwise defend itself); *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). (potential prejudice to plaintiff weighs in favor of default judgment because plaintiff would have no recourse); *Elektra Ent. Grp., Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005) ("Plaintiffs would suffer prejudice if the default judgment is not entered because Plaintiffs would be denied the right to judicial resolution of the claims presented, and would be without other recourse for recovery."). Thus, this factor weighs in favor of default judgment against the Quantified defendants.

Dayal, however, is different. Although belated, Dayal is now defending himself. Indeed, Dayal's recent filings demonstrate that he wants to resolve this case on the merits. *See* Opp'n to default j., ECF No. 191. Thus, this weighs against entering default judgment against Dayal. *See, e.g., Renfro v. Alan Anderson and Imbee, Inc.*, 2021 WL 363681, at *3 (E.D. Cal. Feb. 2, 2021) (declining to enter default judgment where the defendant had "manifested his intent to defend against [the] plaintiff's claim").

### b. Eitel *factors two and three: The merits of the plaintiff's substantive claims and the sufficiency of the complaint*

The second and third *Eitel* factors—the merits of the claim and the sufficiency of the complaint—are "often analyzed together and require courts to consider whether a plaintiff has state[d] a claim on which [he] may recover." *Vietnam Reform Party v. Viet Tan-Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (quotations omitted). The claims in Kohli's complaints are relatively straightforward. In sum, Kohli alleges defendants never paid him for work he performed after he was hired, by way of oral contract, to work for them, and that at some point the terms of the oral employment agreement changed but defendants still failed to meet their end of that agreement. *See* FAC, ECF No. 17. He claims defendants violated the Fair Labor Standards Act and Nevada's Wage and Hours Laws, and brings claims for unjust enrichment, breach of contract, retaliation and wrongful termination, bad faith, fraud, extortion and

involuntary servitude, and intentional infliction of emotional distress. *Id.* The court already determined that there remain outstanding, genuine issues of material fact in this case. *See* Order denying defs.' mot. for sum. j., ECF No. 95. The court notes however that this finding was based on defendants' limited summary judgment motion, the arguments for which were circular and based on the dispute over whether there was a contract between the parties, if work was performed by Kohli for defendants, and if Kohli performed work on defendants' behalf while being unlicensed in the state of Nevada. *See id.* at 8–9. Thus, I found that those questions warranted denial of defendants' motion for summary judgment. But that finding did relate to the breach of contract, unjust enrichment, and FLSA/NWHL claims set forth in claims 1, 2, 3, 4, 5, and 6. Thus, this weighs in favor of entering default against Dayal and the Quantified defendants as it relates to claims 1, 2, 3, 4, 5, and 6. The court does not reach the same conclusion as it relates to claims 7, 8, 9, and 10.

Claim 7 is a claim for bad faith discharge. To plead a claim for bad faith discharge in violation of the implied covenant of good faith and fair dealing, plaintiff must allege that: (1) an enforceable contract existed; (2) there was a special relationship between the tortfeasor and the tort victim, and (3) the employer's conduct went "well beyond the bounds of ordinary liability for breach of contract." *Martin v. Sears, Roebuck & Co.*, 899 P.2d 551 (Nev. 1995). "The special relationship required is one of particular reliance as found in insurance, partnership, and franchise agreements where there is a need for special protection arising from the skewed balance of power between the parties and the heavy reliance on the credibility by one party on the other." *Alam v. Reno Hilton Corp.*, 819 F. Supp. 905, 910 (D. Nev. 1993). "Such a special relationship will not automatically be read into an employer/employee relationship." *Id.* Here, Kohli does not plead the special relationship requirement and the allegations in the amended complaint are insufficient to meet that requirement. This weighs against entering default on this claim.

In claim 8, Kohli alleges fraud. Under Rule 9(b), a plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This means the plaintiff must allege "the who, what, when, where, and how of the misconduct charged," including what is false or misleading about a statement, and why it is false. *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

"[M]ere conclusory allegations of fraud are insufficient." *Wool v. Tandem Computers Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987), *overruled on other grounds as stated in Flood v. Miller*, 35 F. App'x 701, 703 n.3 (9th Cir. 2002). Broad allegations that include "no particularized supporting detail" do not suffice, *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001), but "statements of the time, place and nature of the alleged fraudulent activities are sufficient[,]" *Wool*, 818 F.2d at 1439. And, in cases involving multiple defendants, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007) (internal quotation marks and citation omitted). Indeed, fraud claims against corporate or business entities require allegations that specifically (1) identify names of individuals who made the misrepresentation; (2) acknowledge that those individuals had authority to speak for the corporation; and (3) state what was said or written and when. *Gage v. Cox Commc'ns., Inc.*, 2017 WL 1536219, at *2 (D. Nev. Apr. 27, 2017) (citing *Smith v. Accredited Home Lenders*, 2016 WL 1045507, at *2 (D. Nev. Mar. 15, 2016)). A plaintiff alleging claims against multiple defendants must, at a minimum, identify the role of each defendant in the alleged fraud to satisfy the fraud pleadings rule. *Id.* Excepting Dayal, the allegations in the amended complaint do not meet the heightened pleading standard required under Rule 9(b). The amended complaint does set forth the when, who, and what against Dayal, but is silent on those specifics as it relates to the Quantified defendants. Thus, this weighs in favor of entering default against Dayal but against default for the Quantified defendants.

In claim 9, Kohli alleges that he was subject to extortion and involuntary servitude pursuant to NRS 205.320 and NRS 200.463. But both 205.320 and 200.463 are criminal statutes and the court is not aware of any authority conferring a private right of actions for either. Indeed, criminal offenses generally do not create civil causes of action. *See e.g., Jordan v. State ex rel. Dep't of Motor Vehicles & Pub. Safety*, 110 P.3d 30, 48 (Nev. 2005) (finding that NRS 197.200—which makes it a criminal offense for an officer to unlawfully and maliciously, under pretense or color of official authority, commit oppression by arresting or detaining another against his will—did not create a civil cause of action), *abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 181 P.3d 670 (Nev. 2008); *Bundi v. Norton*, 2021 U.S. Dist. LEXIS 6140, at *6 (D. Nev. Jan. 12, 2021) (Nevada's extortion statute is listed in the "Crimes and Punishment" section of the code which does not govern civil causes of action). Thus, Kohli's claim of extortion or involuntary servitude is insufficient to support entry of default against Dayal and the Quantified defendants.

The amended complaint also fails to sufficiently allege a claim of intentional infliction of emotional distress (IIED) (claim 10). To prevail on an IIED claim, a plaintiff must prove "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual and proximate causation." *Star v. Rabello*, 625 P.2d 90, 91–92 (Nev. 1981). I do not find that the allegations in the complaint support that Kohli's termination was extreme and outrageous conduct. "[E]xtreme and outrageous conduct is that which is 'outside all possible bounds of decency' and is regarded as 'utterly intolerable in a civilized community.'" *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (quoting Ca. Book of Approved Jury Instrs. 12.74). Even accepting as true that defendants agreed to a contract with plaintiff, changed the terms thereof, then refused to pay him, leading him to bring this action, without more this simply does not reach a level of extreme and outrageous conduct. *See Alam*, 819 F. Supp. at 911 (finding that "termination of employees, even in the context of a discriminatory policy, does not in itself

9

amount to extreme and outrageous conduct actionable under an intentional infliction of emotional distress theory.").

### c. *The fourth* Eitel *factor: The sum of money at stake in the action*

The fourth *Eitel* factor requires the court to consider "the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176. "If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored." *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006). Kohli seeks $125,000 in damages, delineated as $62,500 in wages and $62,500 in liquidated damages. *See* ECF No. 189 at 13. This amount is not disproportionate or inappropriate, so this weighs in favor of entering default against both Dayal and the Quantified defendants.

### d. *The fifth* Eitel *factor: The possibility of a dispute concerning material facts*

Once the court clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *See Geddes v. United Fin. Grp*, 559 F.2d 557, 560 (9th Cir. 1977). As explained above, the allegations in the complaint are sufficiently plead as they relate to claims 1 through 6, but insufficient as to claims 7 through 10. Because of the Quantified defendants' failure to defend against this action, together with the clerk's entry of default, the court could find there is "no genuine dispute of material facts [that] would preclude granting plaintiff's motion." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. But there are issues with the sufficiency of the complaint. And further, Dayal is now engaged in this litigation and wants this case to be resolved on the merits. *See* Opp'n to default mot., ECF No. 191 ("Kohli has provided no proof of his claims of [e]mployment with Quantified Investment Group ever."). Because the allegations against Dayal are the same as those against the Quantified defendants, together with the identified deficiencies in the amended complaint, this factor weighs against entering default judgment against both defendants.

### e. The sixth Eitel factor: Whether the default was due to excusable neglect

The sixth factor requires that the court consider whether the default was due to excusable neglect. This factor favors the entry of a default judgment when the defendant has been properly served or when the plaintiff demonstrates that the defendant is aware of the action. *See Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). As discussed above, initially all defendants were engaged in defending this action. Recently, that changed and there is no information before the court that default was due to excusable neglect by the Quantified defendants or Dayal.

### f. The seventh Eitel factor: The strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits

The seventh factor "takes into account the strong public policy in favor of deciding cases on the merits." *Langer v. Peykar*, 2018 WL 10072162, at *3 (C.D. Cal. Aug. 22, 2018); *see also Eitel*, 782 F.2d at 1472 ("Cases should be decided upon their merits whenever reasonably possible."); *In Re Roxford Foods, Inc.*, 12 F.3d 875, 879 (9th Cir. 1993) (holding that default judgments are disfavored and cases should be decided on the merits if possible). Here, considering that Dayal is now engaged in this litigation, this factor weighs against entering default judgment.

### g. Default judgment is not appropriate at this time.

After carefully weighing the *Eitel* factors, and considering the *Frow* doctrine, the court declines to enter default judgment at this time. Several of the factors weigh against entering default judgment against Dayal, the Quantified defendants, or both. Taking those factors together with the facts that (1) Dayal is now engaged and (2) there is a strong public policy favoring deciding cases on the merits warrants denying Kohli's motion for default judgment.

Further, the court has now considered the *Frow*[4] doctrine that recognizes "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." *Nielson v. Chang (In re First T.D. & Inv. Inc.)*, 253 F.3d 520, 532 (9th Cir. 2001). Here, Kohli seeks judgment against all defendants "jointly and severally," *see* ECF No. 17, so default judgment should not be entered against Dayal or the Quantified defendants. Thus Kohli's motion for default judgment is denied without prejudice.

### B. Kohli's motion to strike Dayal's motion for action is granted.

Dayal filed a motion for action that contains allegations of witness tampering and intimidation by Kohli. *See generally*, Mot. for action, ECF No. 192. Instead of filing an opposition to that motion, Kohli filed a motion to strike Dayal's action motion. Mot. to strike, ECF No. 201. In sum, Kohli argues that the motion should be stricken because it contains misrepresentations that are impertinent and scandalous. *See id.* Having reviewed the motion to strike, the court has determined it can resolve the motion without an opposition from Dayal.

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may, on its own or upon a motion, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See* Fed. R. Civ. P. 12(f)(1), (2). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)). An allegation is "immaterial if it has no essential or important relationship to the claim for relief or the defenses being pleaded." *Kennedy v. Las Vegas Sands Corp.*, 2017 U.S. Dist. LEXIS 155779, at *3 (D. Nev. Sept. 21, 2017) (citing *Fantasy, Inc.*, 984 F.2d at 1527. "An allegation is scandalous if it improperly casts a cruelly derogatory light on someone, most typically on a party in the action." *Kennedy*, 2017 U.S. Dist. LEXIS 155779, at *4 ("[i]t is not enough that the matter

---

[4] *Frow v. De La Vega*, 82 U.S. 552 (1872).

offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action") (internal citations omitted).

Dayal's motion contains several conclusory and scandalous allegations. For example, Dayal claims that a potential witness in this case, Reuben D'Silva, was "pushed" "to get [l]egal help" after he was contacted by Kohli's investigator. ECF No. 192 at 5. But, as revealed in Kohli's motion to strike, D'Silva retained legal counsel against Dayal in May of this year to seek recourse against Dayal for a separate business deal. *See* Mot. to strike, Ex. D, ECF No. 201-4. Dayal further claims, without any supporting points or authorities, that a private investigator reaching out to potential defense witness Glenroy Cole, constitutes witness intimidation. ECF No. 192 at 5. But under appropriate circumstances, a private investigator can be a valuable tool as part of trial preparation. *See, e.g.*, *Young v. Wolfe*, 2017 WL 985634, at *6–7 (C.D. Cal. Mar. 14, 2017) (discussing the use of an investigator). Thus, without more, mere contact with a witness does not, by itself, constitute witness intimidation.

Further, Dayal lodges conclusory allegations that go to the heart of this action. Dayal contends that Kohli "used [his] office for personal work." ECF No. 192 at 6. But as set forth in the amended complaint, Kohli contends he was *employed* by the defendants. *See generally* FAC, ECF No. 17. Dayal also challenges what sort of work Kohli performed during the relevant time, challenging Kohli's changed assertion of performing legal work to providing financial advance. *Id.* Again, what, if any, work Kohli performed with or at the behest of the defendants is a question of fact that needs to be answered by a jury. Dayal's contentions that Kohli never worked for or with him are just that: contentions. Although Dayal is a non-attorney and therefore held to less stringent drafting standards than attorneys, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that pro se pleadings are held to "less stringent standards than [those] drafted by lawyers"), both parties are **required** to follow the rules of the court, procedure, and evidence. *See Carter v. Commissioner*, 784 F.2d 1006, 1008-09 (9th Cir. 1986) (holding that, although a party is pro se, he is "expected to abide by the rules of the court in which he litigates" (citation

omitted)). Compliance will also be required at trial. Thus, the parties must present evidence that is relevant and admissible. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. If relevant, then the evidence must comply with the Federal Rules of Evidence regarding admissibility.

Hearsay is *inadmissible*. Hearsay is a statement made outside of the current trial or hearing that is offered in evidence to prove the truth of the matter asserted therein. Fed. R. Evid. 801(c). Hearsay is generally "inadmissible unless it is defined as non-hearsay under Federal Rule of Evidence 801(d) or falls within a hearsay exception under Rules 803, 804 or 807." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 778 (9th Cir. 2002) (citing Fed. R. Evid. 802). Any trial evidence must also be properly authenticated. "To be authenticated, some statement or affidavit from someone with knowledge is required." *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782 (C.D. Cal. 2004).

The Federal Rule of Civil Procedure 12(f) provides the court with broad discretion in deciding whether to strike allegations in a filing. *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000). Given the information before the court, I exercise that broad discretion and grant Kohli's motion to strike.

## II.     Conclusion

IT IS HEREBY ORDERED that Kohli's motion for default judgment **[ECF No. 189] is denied without prejudice**.

IT IS FURTHER ORDERED Kohli's motion to strike **[ECF No. 201] is granted**. Accordingly, Dayal's motion for action **[ECF No. 192] is hereby stricken**.

Dated: October 17, 2024

_____
Cristina D. Silva
United States District Judge