UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Eric Kohli,

        Plaintiff

v.

Ajay G. Dayal, et al.,

        Defendants

Case No. 2:20-cv-00538-CDS-NJK

**Order Granting in Part Plaintiff's Motion for Default Judgment and Directing Clerk to Enter Judgment**

[ECF No. 245]

        This action was brought by plaintiff Eric Kohli, a lawyer who represented himself pro se, for the payment of money owed under an oral employment contract. Kohli sued defendants Ajay G. Dayal, Quantified Investment Group LLC, Quantified Capital Group, Pacific Bay Lending Group, and Miss Elegant Expo for defendants' refusal to pay Kohli for work he performed for a two-month period in 2019. *See generally* First am. compl. (FAC), ECF No. 17. The case proceeded to a jury trial against defendant Dayal only in November of 2024, which resulted in a verdict in favor of plaintiff Kohli. Jury verdict, ECF No. 233.

        Following the verdict, on January 27, 2025, the court issued an order, stating that if Kohli was still seeking default judgment against the remaining defendants, he was required to file a renewed motion for default judgment[1] or, alternatively, to a notice advising the court he was no longer seeking default judgment, no later than February 10, 2025. Order, ECF No. 242. Kohli filed the renewed motion for default judgment on February 10, 2025. Renewed default j. mot., ECF No. 245. For the reasons set forth herein, I grant in part Kohli's motion for default judgment.

---

[1] I previously denied Kohli's motion for default judgment against all defendants (ECF No. 189). *See* Order denying without prejudice mot. for default j., ECF No. 203.

I. Discussion

As set forth in my prior order, obtaining a default judgment under Federal Rule of Civil Procedure 55 is a two-step process. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (explaining the process). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After default is entered, a party may seek entry of default judgment under Rule 55(b). "Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *Warner Bros Ent. Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). The "general rule [is] that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). Whether to grant a default judgment lies within the district court's discretion. *Id.*

The Clerk of Court entered default against defendants Pacific Bay and Miss Elegant Expo on August 21, 2023. Entry of default 1, ECF No. 139. Just shy of a year later, the Clerk of Court entered default against defendants Quantified Capital Group, LLC and Quantified Investment Group, LLC (hereinafter, collectively the Quantified Defendants).[2] Entry of default 2 (July 2024), ECF No. 181. Upon entry of default, I take as true the factual allegations in the non-defaulting party's complaint, except those related to the amount of alleged damages. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). In accordance with the court's order and Rule 55, Kohli filed a renewed motion for default judgment against all defendants. Default mot., ECF No. 203. As the procedural requirements for default judgment have been satisfied, I evaluate the *Eitel* factors.

The first *Eitel* factor requires the court to "consider[ ] whether and to what extent [the plaintiff] will suffer prejudice . . . if the Court declines to grant default judgment." *Blackhawk*

---

[2] The Clerk of Court also entered default against Ajay Dayal. ECF No. 181.

*Network, Inc., v. Comput. Servs., Inc.*, 2024 U.S. Dist. LEXIS 186282 at *6 (N.D. Cal. Oct. 11, 2024). Although at the beginning of this litigation, all defendants were represented by counsel and were actively engaged in defending themselves, that representation terminated in January 2023. *See* Mins. of proc., ECF No. 107 (granting motion to withdraw (ECF No. 96)). Thereafter, defendants Dayal, Quantified Investment Group, LLC, and Quantified Capital Group, LLC retained another attorney,[3] who filed a motion to dismiss on behalf of those defendants, but then moved to withdraw from the case after those defendants failed to pay for services rendered, causing a breakdown of the attorney-client relationship. *See* Mot. to withdraw, ECF No. 160. The motion to withdraw was granted. Order, ECF No. 168. Since that time, no defendant (corporate or individual) has obtained new counsel.

Magistrate Judge Nancy J. Koppe issued a report and recommendation (R&R) that I enter default[4] against the Quantified Defendants for their repeat failures to comply with court orders, namely, to obtain counsel to represent them as is required by the federal rules. Second R&R, ECF No. 176. This was issued after the Quantified Defendants failed to respond to a court order to update their address, ECF No. 170, and a show cause order demanding they explain why sanctions should not be issued for failing to update their address, ECF No. 172. It was not the first time Judge Koppe issued a show cause order against the Quantified Defendants. In May of last year, she issued a show cause order for failing to meet the deadline for obtaining counsel, which is required for corporate defendants. *See* OTSC, ECF No. 118.

---

[3] Defendants Pacific Bay Lending and Miss Elegant Expo never retained new counsel. Judge Koppe issued a report and recommendation (R&R) that default be entered against both on July 28, 2023. First R&R, ECF No. 134. The R&R was issued after both defendants failed to respond to a show cause order (ECF No. 118) for failing to obtain counsel as required for corporate defendants. *Id.* Those two defendants were given multiple extensions to comply and failed to do so. *Id.* at 1. They also failed to respond to the show cause order and did not file any objections to the R&R. Consequently, I adopted the R&R in full and ordered the Clerk of Court to enter default against Bay Lending Group and Miss Elegant Expo. *See* ECF No. 138. The Clerk of Court entered default against Pacific Bay and Miss Elegant Expo on August 21, 2023. ECF No. 139. On October 15, 2023, Kohli filed the motion for default judgment. ECF No. 153. No opposition was filed, so default judgment was entered on November 15, 2023. Default J., ECF No. 157.

[4] Although the R&R states that "default judgment" is warranted, I ultimately found that only entry of default was appropriate at the time. Order, ECF No. 179 at 2.

Given the Quantified Defendants' repeat failures to comply with court orders, the court finds that Kohli will suffer prejudice if default judgment is not entered against them as he will have no other means for recovery against them. *See M&E Staffing, LLC v. Remarkable Staffing, LLC*, 2024 U.S. Dist. LEXIS 176014, at *5 (E.D. Wash. Sept. 27, 2024) (finding plaintiff had no other recourse than default judgment to recover damages because defendant failed to execute a settlement agreement and failed to otherwise defend itself); *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (holding that potential prejudice to plaintiff weighs in favor of default judgment because plaintiff would have no recourse); *Elektra Ent. Grp., Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005) ("Plaintiffs would suffer prejudice if the default judgment is not entered because Plaintiffs would be denied the right to judicial resolution of the claims presented, and would be without other recourse for recovery."). Thus, this factor weighs in favor of default judgment against the Quantified Defendants.

The second and third *Eitel* factors—the merits of the claim and the sufficiency of the complaint—are "often analyzed together and require courts to consider whether a plaintiff has state[d] a claim on which [he] may recover." *Viet. Reform Party v. Viet Tan - Viet. Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (quotations omitted). In his amended complaint, Kohli brought the following claims against all defendants: violations of the Fair Labor Standards Act (FLSA) and Nevada's Wage and Hours Laws (NWL), unjust enrichment, breach of contract, retaliation and wrongful termination, bad faith, fraud, extortion and involuntary servitude, and intentional infliction of emotional distress. *See* FAC, ECF No. 17. By the time the case proceeded to trial against defendant Ajay Dayal, the remaining claims were breach of contract, unjust enrichment, fraud, and the FLSA and NWL violations. At trial, evidence showed that Dayal never paid Kohli for work he performed for Dayal and his companies after he was hired by Dayal by way of an oral contract. At some point, the terms of the oral employment agreement changed, but Dayal still failed to meet his end of that agreement. The evidence at trial also showed that Dayal owned and operated Quantified Capital Group, LLC and Quantified Investment Group,

LLC. Ultimately, the jury returned a verdict in favor of Kohli on his breach of contract, fraud, FLSA, and NWL claims. Verdict, ECF No. 223. Given that the jury found Dayal liable for all but the unjust enrichment claims, and the complaint brought the same claims against the Quantified Defendants, the second and third factors weigh in favor of entering default against the Quantified Defendants as it relates to the breach of contract, fraud, FLSA, and NWL claims.

The fourth *Eitel* factor also weighs in favor of entering default against the Quantified Defendants. This factor requires the court to consider "the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176. "If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored." *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006). The jury returned a verdict in the amount of $60,000 for the breach of contract claim, $30,000 for compensatory damages, and $90,000 in punitive damages.[5] ECF No. 233. These amounts were not disproportionate or inappropriate to the claims brought by Kohli, nor the evidence introduced at trial, so this weighs in favor of entering default against the Quantified Defendants.

The fifth *Eitel* factor—the possibility of a dispute over material factors—also weighs in favor of entering default judgment. That is because once the court clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1997). Moreover, here, the court was able to hear the evidence against the Quantified Defendants that was introduced during the trial against Dayal. The Quantified Defendants' failure to defend against this action, together with the clerk's entry of default, and evidence introduced at trial, the court could find there is "no genuine dispute of material facts [that] would preclude granting plaintiff's motion." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Although the evidence at trial was more directed at Dayal, he was the owner and operator of the Quantified Defendant businesses, and

---

[5] The jury also awarded wages under the FLSA and NWL claims but for the reasons I stated on the record, including but not limited to preventing double recovery, during the December 18, 2024 hearing, I set that award aside. *See* Mins. of proc., ECF No. 232.

the complaint alleges joint and several liability. *See* FAC, ECF No. 17. Because the evidence introduced at trial against Dayal is the same evidence against the Quantified Defendants, and the jury returned a verdict in favor of Kohli, there is little dispute over material factors. Accordingly, the fifth *Eitel* factor weighs in favor of entering default judgment against the Quantified Defendants.

The sixth factor requires that the court consider whether the default was due to excusable neglect. There is no evidence of any excusable delay on the record. Indeed, Judge Koppe repeatedly advised and cautioned the Quantified Defendants that they must be represented by counsel in federal court and gave them multiple opportunities to obtain counsel and engage in this action. *See* ECF Nos. 118, 168, 172, 176. They failed to heed the warnings. The sixth *Eitel* factor favors the entry of a default judgment when the defendant has been properly served or when the plaintiff demonstrates that the defendant is aware of the action. *See Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). The record is clear: Quantified Defendants knew about this action and knew they were required to have counsel or could face sanctions.

The seventh *Eitel* factor "takes into account the strong public policy in favor of deciding cases on the merits." *Langer v. Peykar*, 2018 WL 10072162, at *3 (C.D. Cal. Aug. 22, 2018); *see also Eitel*, 782 F.2d at 1472 ("Cases should be decided upon their merits whenever reasonably possible."); *In Re Roxford Foods, Inc.*, 12 F.3d 875, 879 (9th Cir. 1993) (holding that default judgments are disfavored and cases should be decided on the merits if possible). This factor almost always weighs against default judgment. This situation is no different, but the court notes that the Quantified Defendants' refusal to obtain counsel makes it impossible to resolve the claims against them on the merits. The Ninth Circuit has "recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (quoting *In re Exxon Valdez*, 102 F.3d 429, 433

(9th Cir. 1996)). Thus, although "[a] decision on the merits is desirable, but under these circumstances, default judgment is warranted." *Nevada Prop. 1, LLC v. Kiwibank Ltd.*, 2020 WL 5633048, at *2 (D. Nev. Sept. 21, 2020).

Accordingly, having considered the *Eitel* factors, I find that default judgment against the Quantified Defendants, with an award of damages, is warranted, so Kohli's renewed motion for default judgment is granted in part. The court enters default judgment against the Quantified Defendants in the amount of $60,000 for the breach of contract claim, $30,000 for compensatory damages, and $90,000 in punitive damages[6] to be paid joint and severally with co-defendant Ajay Dayal.

The court declines, however, to enter a damages award against defendants Pacific Bay Lending Group and Miss Elegant Expo because the court questions the evidence against these defendants. When it comes to joint and several liability, "the presumptive rule is joint and several liability unless it is clear that one or more of the losing parties is responsible for a disproportionate share of the costs." *Andresen v. Int'l Paper Co.*, 2015 WL 3648972, at *6 (C.D. Cal. June 10, 2015) (quoting *Anderson v. Griffin*, 397 F.3d 515, 522–23 (7th Cir. 2005)). Although the allegations in the FAC were pleaded the same as to each defendant, the evidence adduced at trial did not reveal that Kohli did any work for either of these companies. Other than confirming that Dayal was the owner/operator of those companies, there was no evidence introduced regarding what, if any, work Kohli ever did for or on behalf of these companies. Indeed, the sum and substance of evidence introduced at trial about these companies addressed: (1) whether Miss Elegant Expo was a beauty pageant and if Dayal had a business license for it, and (2) whether Pacific Bay was a mortgage company. There was no evidence, direct or circumstantial, suggesting Kohli performed any work on behalf of those companies. On the other hand, the testimony and the evidence supported that Kohli did do work at Dayal's behest on behalf of the

---

[6] Kohli asks that I impose the wage damages awarded by the jury against the Quantified Defendants because they "failed to wage any defense." ECF No. 245. I deny this request for the same reason the court declined to award those damages with respect to Dayal.

7

Quantified Defendants. As an example, the email address Kohli utilized when working for Dayal ended with @thequantifiedgroup.com.

The trial evidence showed that Kohli contracted with Dayal for a job, and then Dayal failed to perform under that contact. This makes Dayal largely responsible for the damages. Although the court recognizes the trial was against Dayal, it is still Kohli's burden to demonstrate default judgment is warranted. *Assaf v. Carp*, 2018 WL 6051514, *1 (C.D. Cal. June 5, 2018) ("On a motion for default judgment, Plaintiffs the burden of proving up their damages" by providing "detailed affidavits and supporting exhibits."). Having been presented no evidence that Kohli performed work for Miss Elegant Expo or Pacific Bay, I exercise my discretion and decline to enter a damages award against these two companies.

## II. Conclusion

IT IS HEREBY ORDERED THAT Kohli's motion for default judgment **[ECF No. 245] is GRANTED in part**, as set forth in this order.

The Clerk of Court is kindly directed to enter judgment in favor of Eric Kohli against Ajay Dayal. The judgment shall reflect damages in the amount of $60,000 for the breach of contract claim, $30,000 for compensatory damages, and $90,000 in punitive damages, to paid jointly and severally with Quantified Capital Group, LLC and Quantified Investment Group, LLC.

The Clerk of Court is also directed to enter default judgment against Quantified Capital Group, LLC and Quantified Investment Group, LLC. The default judgment shall reflect damages in the amount of $60,000 for the breach of contract claim, $30,000 for compensatory damages, and $90,000 in punitive damages, to paid jointly and severally with Ajay Dayal, and to close this case.

Dated: May 19, 2025

_____
Cristina D. Silva
United States District Judge